### SNIDER v. SNIDER.

1. WILLS—CORPORATIONS—UNINCORPORATED SOCIETIES.—A BEQUEST to a corporation taking effect during the time between the expiration of its charter and its renewal stands on the same footing as a bequest to an unincorporated society, and a bequest direct to Furman University, taking effect during the lapse of its charter, to the Southern Baptist Theological Seminary, at Louisville, Ky., and to the Foreign Mission Board, now at Richmond, Va., *held* good as bequests to unincorporated societies, the names of the legatees indicating the work in which they are engaged and the purposes for which the bequests were made.

2. CHARITABLE USES—EQUITY.—The law of charitable uses and the jurisdiction of courts of equity over them having been established before the statute of 43 Eliz., c. 4, whether this statute is held to be in force in this State or not is of no consequence in this case.

Before DANTZLER, J., Orangeburg, July, 1904. Modified.

Action by Jane E. Snider, executrix, and Earle H. Snider, executor of the will of William J. Snider, against the legatees, devisees and heirs at law of William J. Snider. From the Circuit decree, certain heirs at law of testator and the legatees, Furman University, Southern Baptist Seminary and Foreign Mission Board at Richmond, appeal.

*Messrs. Miller & Whaley,* for Furman University, Southern Baptist Seminary and Foreign Mission Board, cite: *As to the right of these defendants to take:* Code of 1902, 1848, 2360, 1795; 45 S. C., 590; 11 Rich. Eq., 156.

*Messrs. Raysor & Summers,* for certain of the heirs at law, cite: *General rules as to construction of wills:* 26 S. C., 450; 27 S. C., 295; 29 S. C., 466; 36 S. C., 38; 65 S. C., 390. *Rule in cases of intestacy:* 31 S. C., 408; 95 U. S.,

291; 14 N. J. Eq., 124; 2 Sneed, 387; 135 Mass., 458; 29 Ency., 354-5. *Bequests to University, Seminary and Mission Board, are void for uncertainty:* 37 S. C., 457; 29 Ency., 1 ed., 379; 2 Strob. Eq., 305; 3 S. C., 502; 9 Ves., 404; 3 Ency., 1 ed., 135; 5 Humph., 170; 18 Ency., 2 ed., 742; 69 Minn., 141; 80 Am. Dec., 290; 43 N. Y., 360; 5 Ency., 2 ed., 894; 2 How., 27; 28 Pa. St., 35; 7 Ired. Eq., 201; 10 Leigh., 153.

*Messrs. Wolfe & Berry,* for certain of the heirs at law, cite: *Are the bequests to the colleges and the Mission Board valid?* 5 Ency., 2 ed., 918; 88 N. Y., 357; 88 Tenn., 637; 28 S. C., 476; 48 S. C., 444; 107 U. S., 163. *Statute of Eliz. does not prevail here:* 27 S. C., 463.

*Messrs. Izlar Bros.* and *Bates & Simms,* for executors, cite: *As to the construction of the connecting words of the legacies:* 9 East., 273; 52 S. C., 260; 54 Col., 353; 190 Ill., 130; 4 Rawle, 66; 2 Strob., 334. *If the bequests are void, so much is intestate property:* 2 Strob. Eq., 134. *Unincorporated society cannot take devise:* 13 Mich., 44; 3 Vt., 400; 3 Pa., 436; 46 N. Y., 144; 15 Conn., 274; 6 Baxt., 235; 5 Hump., 170. *Nor a bequest:* 4 Wheat., 490; 24 Am. Dec., 650; 13 Gratt., 301; 15 Gratt., 423; 7 W. Va., 79; 17 W. Va., 43; 8 Blackf., 15; 28 Md., 838. *Where 43 Stat. of Eliz. is of force, such society can take:* 9 Met., 280; 7 Allen, 243; 64 Mo., 459; 32 L. R. A., 623. *But it is not of force here:* 37 S. C., 457.

March 4, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by the executors of the will of William J. Snider to obtain the judgment of the Court as to the construction of the will. The decree of the Circuit Judge makes quite clear the soundness of his conclusion as to the proportion in which the testa-

tor intended the beneficiaries to take, and it is unnecessary to add anything to what he has said on that subject.

The most serious question involved in the appeal is the validity of the bequests made in the third clause of the will to "the Furman University," "The Southern Baptist Theological Seminary at Louisville, Kentucky," and "The Foreign Mission Board, now at Richmond, Virginia." The Circuit Judge held all these bequests void for uncertainty and indefiniteness.

Furman University was chartered for fourteen years by act of the General Assembly, December 20, 1850, and the act by its terms was made a public act (12 Stat., 34). By act of December 20, 1866, the original act of incorporation was continued in force for thirty years (13 Stat., 458). After the expiration of thirty years, on February 16, 1898, the charter was again renewed for thirty years. The will took effect on the death of the testator, December 10, 1897, between the date of the expiration of the charter in 1896, and its renewal in 1898. It is true, the act of 1898 provided: "That all acts of said corporation, and of its authorized agents, done and performed at any time since the expiration of its charter, and consistent therewith, shall be held, and the same is hereby declared, legal and valid" (22 Stat., 956), but this did not prevent the lapsing of the corporation from 1896 to 1898. If the charter of Furman University had been in force at the death of the testator, there could not be the slightest doubt the bequest to it would have been valid. *American Bible Society* v. *Noble,* 11 Rich. Eq., 156. But the charter having lapsed when the will took effect, there is no escape from regarding the university at that time an unincorporated society. No evidence was before the Court as to the incorporation of "The Southern Baptist Theological Seminary at Louisville, Kentucky," or "The Foreign Mission Board, now at Richmond, Virginia."

The question, therefore, presented is whether the bequests to these unincorporated societies are void for uncertainty, no

trustees being named and no specific purpose being mentioned to which the fund was to be applied. There is perhaps no question of law on which the authorities are more at variance. The general proposition that a devise or bequest to an unincorporated society is good is established in this State, and sustained by very high authority elsewhere. *Dye* v. *Beaver Creek Church,* 48 S. C., 444, 26 S. E., 717; *Attorney General* v. *Jolly,* 1 Rich. Eq., 99; *Bates* v. *Taylor,* 28 S. C., 476, 6 S. E., 327; *Wright* v. *Trustees,* Hoffman's Ch., 201 (N. Y.). In these cases, however, the bequest was either to trustees for the benefit of the unincorporated society, or directly to the society with a direction as to the specific purpose for which the fund was to be used. A bequest to such a society by its name is taken by the individuals composing it as natural persons (*Attorney General* v. *Jolly, supra*), and it has been often argued from this principle that there is no criterion by which courts may limit and control the purposes and undertakings of such individuals, which, it is said, may be one thing to-day and another to-morrow, and so the court of equity would be powerless to prevent the diversion of the bounty of the testator to a purpose entirely foreign to his intention. *Owens* v. *Missionary Society,* 67 Am. Dec., 160 (N. Y.). This argument has never received endorsement in this State, and it seems neither convincing nor consistent. As we have seen, it is generally conceded, if the gift be to trustees for such a society without any specific mention of the purpose to which it is to be applied, the gift is valid and the court of equity will enforce the trust. It is not perceived that any different principle is applicable when the bequest is direct to the society. If the court can discern the will of the testator with sufficient definiteness to prevent the diversion of the funds in the hands of a trustee, it would know his intention with equal definiteness when the bequest is direct to the society. The question in each case is, has the testator made plain the object of his bounty, so that the courts may enforce

the application of the fund as he intended? When this is the case, as said by Chancellor Harper, in *Attorney General v. Jolly, supra,* the members of the society take as trustees. If, for instance, the bequest is direct to a society engaged in the promotion of education, upon the clearest reason, the testator should be regarded as having in view the special ends of the particular society, as indicated by its name, its constitution, by-laws, or articles of agreement, and its history. These often indicate the limitations of the benevolent enterprise of the society with even more definiteness than the charter of an incorporated society.

Consider in this view the bequest to Furman University. The testator pointed out by the terms used an institution of learning in actual existence as a distinct university, and this implies an organization with a board of trustees, or other managers, conducting its affairs under some definite plan. A degree of vagueness is allowable in charitable bequests, and the courts would not interfere with changes in the institution so long as its general purposes were kept in view by those in control; but it cannot be doubted they would have full power to interfere to prevent the application of funds, bequeathed while the institution was unchartered, to enterprises altogether foreign to the purposes it was engaged in promoting when the bequest was made.

The bequest to "The Southern Baptist Theological Seminary at Louisville, Kentucky," is even more definite, because the name indicates more clearly the nature of the institution and the work in which it is engaged.

As such terms are understood throughout christendom in the use of the words, "The Foreign Mission Board now at Richmond, Virginia," the testator meant to point out that there was an association or organization of that name in the city of Richmond engaged in Christian missionary work in foreign lands, and that he wished his bequest to go to that association to be used for that purpose in accordance with its

general plans, and in consonance with the particular creed of the branch of the church it represented.

In making these bequests, the testator asserted the institutions he named were in existence, having the definite characters and purposes to which we have alluded. If he was mistaken and such organizations do not exist, or if their charitable purposes are so vague and uncertain that there would be no ground upon which a court of equity could control the administration of the trust reposed in the members of such organizations, it was incumbent upon those who assailed the bequests to prove these facts. The court will no more assume such a state of facts against the assertion of the testator than it would assume a particular individual to whom a bequest had been made not to be in existence, or that a proper name used in a bequest did not identify a particular individual because of the great number who bore it. Such facts are not presumed, but must be established by evidence. Upon principle, therefore, the bequests are good.

While the authorities on the subject are divided, the conclusion we have reached is well supported. *Executors of Burr* v. *Smith*, 29 Am. Dec., 154 (Vt.) ; *Hornbeck's Executor* v. *Am. Bible Society*, 2 Sandf. Ch., 145 ; *Hadden* v. *Methodist Society*, 32 L. R. A., 625, note. This view, we think, is also supported by the case of *Gibson* v. *McCall*, 1 Rich., 174. There the bequest was direct to the "Methodist Church at Darlington Court House, the preachers of the said Circuit, and the Peedee Mission." It is true, it was to be distributed by trustees, but there was no more definite instruction to them than that the distribution of the interest should be "according to the necessities of said church, preachers and mission."

It is urged, however, that a bequest made direct to an unincorporated society without the appointment of a trustee to hold it, can only take effect and be recognized as within the equitable jurisdiction of the courts in those States where the statute, 43 Eliz., c. 4, is in force. Before the argument and decision of *Vidal* v. *Girard's Execu-*

*tors,* 2 Howard, 127, it was supposed this statute enlarged the substantive law of charitable uses, and that it was the origin of the jurisdiction of courts of equity over charities. It is held now to have had little if any effect in either regard, as charitable uses and the jurisdiction of courts of equity over them were fully and amply established before the passage of the statute.    It is, therefore, of no consequence whether the statute is held to be in force in this State or not.    *Attorney General* v. *Jolly, supra;* 2 Perry on Trusts, sec. 693, *et seq.*

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, except as to the bequests to "Furman University, The Southern Baptist Theological Seminary at Louisville, Kentucky, and The Foreign Mission Board now at Richmond, Virginia," and that as to these bequests it be reversed, and that the cause be remanded for such further proceedings as may be necessary.