## ESTATE OF JOSEPHINE HANSON, DECEASED.

[No. 5,151; decided January 27, 1909.]

**Will—Whether Creates Charity or Personal Bequest.**—A clause in a will "the residue (if any) I leave to my executor M., to dispose in charities as he think best," creates a personal bequest.

**Wills.**—Where Absolute Discretion to Dispose of Property is left with a residuary legatee, this is equivalent to a personal legacy.

**Trust.**—Three Conditions must Concur in order that a power be deemed a trust or that the specified beneficiaries take trust interests by implication in default of appointment: Imperativeness of request that donee execute the power; certainty of subject matter; and certainty of object.

**Trust.**—No Recommendatory Terms of a Will expressing a will, desire or the like are sufficient to create a trust, unless there is certainty as to the parties to take and what they are to take.

**Charities.**—A Degree of Vagueness is allowable in charitable bequests.

Thomas E. Haven, for the executor.

COFFEY, J. 1. The bequest in the sixth clause of the will of Josephine Hanson, deceased, is a bequest to William G. Mugan. It reads as follows:

"The residue (if any) I leave to my Executor Wm. G. Mugan to dispose in charities as he thinks best. I hereby name as executor of this my last will and testament William G. Mugan to serve without bonds."

Authority to dispose of property at discretion, there being no bequest over, is taken as evidence of the extent of the interest intended to be given; and it is construed to be an absolute interest, and not a mere power to sell : Kendell v. Kendell, 36 N. J. Eq. 91.

Where absolute discretion is left with the residuary legatee, it is equivalent to a personal legacy.

"In general, a testator may leave his property to whomsoever he pleases, but he may give to any person a power of disposal over all or any part of his property. In the latter case, the donee of the power may exercise it in his own favor, and the gift is almost equivalent to an absolute gift to the donee": Tyssen on Charitable Bequests, 181.

A specific charitable gift followed by a gift of residue of personalty, and the proceeds of realty to executors, "to be disposed of to such person and persons and in such manner and form and in such sum and sums of money as they in their discretion shall think proper and expedient," held a general power of appointment, exercisable by the executors for their own benefit: Tyssen on Charitable Bequests, 183; Gibbs v. Rumsey, 2 Ves. & B. 294.

By a will, the residue of the testator's estate, after payment of debts and legacies, was given to the executors "to be disposed of as they may think proper," held that the executors took beneficially, discharged of any trust for the next of kin: Ralston v. Telfair, 17 N. C. 225.

A bequest to executors, in their own right, "trusting nevertheless, and believing that with a proper sense of their obligation to their own consciences and their accountability to God, they will pay over and contribute the sum to charitable objects," creates no trust enforceable in a court of equity. The executors took in their own right, amenable only to their own consciences for the distribution of the bequest: Frierson v. General Assembly of the Presbyterian Church, 54 Tenn. 683.

2. Mr. Justice Gray, of the supreme court of the United States, in speaking of charitable uses and trusts, says: "They may and indeed must be for the benefit of an indefinite number of persons, for if all the beneficiaries are personally designated the trust lacks the essential element of indefiniteness which is one characteristic of a legal charity": Russell v. Allen, 107 U. S. 163, 2 Sup. Ct. 327, 27 L. Ed. 397.

A gift to be applied for the promotion of agricultural or horticultural improvements, or philosophic or philanthropic purposes "has been held a good charitable bequest": Rotch v. Emerson, 105 Mass. 431.

In Snider v. Snider, 70 S. C. 555, 106 Am. St. Rep. 754, 50 S. E. 504, the court says: "The question therefore presented is whether the bequest to these unincorporated societies was void for uncertainty, no trustees being named and no specific purposes being mentioned to which the fund was to be applied. Held, that a degree of vagueness is allowable in charitable bequests and the bequests are valid.

In the case at bar there was no trust attempted to be created. Had the executor been named as the trustee, still the bequest would have been valid under the foregoing rule as to indefiniteness being an essential element of charitable bequests.

The fact that the legatee Mugan was not charged with the duties of a trustee makes the case more clearly one wherein the bequest must be construed valid.

The authorities on indefiniteness of charitable bequests are collated in a note to In re Gibson, 1 Cof. Pro. Dec. 9, Ross' Annotations.

3. Three conditions must concur in order that the power be deemed a trust or that the specified beneficiaries take trust interests by implication in default of appointment: (1) Imperativeness of request that donee execute the power; (2) certainty of subject matter; and (3) certainty of object: Lines v. Darden, 5 Fla. 51; Gilbert v. Chapin, 19 Conn. 342; Briggs v. Penny, 3 Man. & G. 554; Harding v. Glyn, 1 Atk. 469; 2 White and Tudor's Leading Cases in Equity, *946 and note.

The rule laid down by Mr. Justice Story in his Commentaries on Equity Jurisprudence, section 1070, cited by the United States supreme court in Howard v. Carusi, 109 U. S. 732, 3 Sup. Ct. 575, 27 L. Ed. 1089, is as follows: "Whenever the objects of a supposed recommendatory trust are not certain or definite, whenever the property to which it is to attach is not certain or definite, whenever a clear discretion or choice to act or not to act is given, whenever the prior dispositions of property impart absolute and uncontrollable ownership, in all such cases, the courts of equity will not create a trust from words of this character."

No recommendatory terms of a will, expressing a will, desire, or the like, are sufficient to create a trust, unless there be certainty as to the parties to take and what they are to take: Lines v. Darden, 5 Fla. 51; Gilbert v. Chapin, 19 Conn. 342.

4. "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible".: Cal. Civ. Code, sec. 1317.

It was evidently Mrs. Hanson's intention that the residue of the estate should go to Mr. Mugan.

The sixth clause of the will of Josephine Hanson should be construed to be a personal bequest of the residue of the estate of said deceased to the executor, William G. Mugan.

Application for distribution granted in accordance with the foregoing authorities.