15967

### JEFFERY v. EHRHARDT
(43 S. E. (2d) 483)

*Messrs. Shimel & Ackerman,* of Charleston, for Appellant, cite:

*Messrs. Hagood, Rivers & Young,* of Charleston, for Respondent.

July 9, 1947.

STUKES, Justice.

By legislative act approved December 21, 1814, VIII Stat. 272, "The Protestant Episcopal Church of St. Paul in Radcliffeboro" was incorporated for a term of fourteen years and until the next meeting of the legislature thereafter, "with authority to purchase, have, hold, receive, enjoy, possess and retain to itself in perpetuity or for any term of years, any estate and estates, of what kind or nature soever, not exceeding the sum of Five Thousand ($5,000.00) dollars per annum; and to sell, alien, exchange, demise or lease the same," etc. The Church was reincorporated for subsequent terms of fourteen years each, with the same powers and privileges, by the Act of December 20, 1828, VIII Stat. 365, the Act of December 20, 1842, XI Stat. 251, and the Act of December 20, 1856, XII Stat. 540. The last mentioned incorporation expired in 1871 and there was no renewal and no subsequent reincorporation; but the Church has continued to exist as an unincorporated association or society.

By deed dated September 25, 1922, recorded on the next day in the office of the Register of Mesne Conveyances for Charleston County in Book F-31, page 249, one T. A. Brookbanks conveyed certain Charleston real estate to "The Protestant Episcopal Church of St. Paul in Radcliffeboro, its successors and assigns." On May 15, 1945, the appellant herein entered into a contract which was executed in behalf of the Church by J. H. Snowden, Chairman, and Luther W. Parker, Warden, for the purchase of the property for the

sum of $10,000.00, for which the Church agreed to sell to the appellant.

The respondent in this appeal was duly elected as Minister of the Church on September 1, 1945, and is still such and so acting. He, as such Minister, was authorized to convey the premises by fee-simple deed to appellant, upon receipt of the purchase price, by a resolution which was unanimously adopted at a meeting of the members of the Church, duly called, at which a quorum was present. Appellant declined acceptance of the deed upon his uncertainty of the title and power of the Minister to execute a valid conveyance of the property. The controversy was submitted to the Court of Common Pleas without action and was heard by the Honorable William H. Grimball, Resident Judge.

There is no direct evidence in the record of the internal government of the church, its by-laws, etc., which may be accounted for by the coincidence that the trial Judge is of the faith (the Episcopal denomination) and doubtless well acquainted therewith. At any rate, there is no pertinent complaint by appellant in his exceptions.

The decree of the lower court, now under appeal, recites the history and proceedings which have been stated. It was held that the conveyance by Brookbanks to the unincorporated Church was effective to convey the title under the authority of *Snider v. Snider,* 70 S. C. 555, 50 S. E. 504, 106 Am. St. Rep. 754; and that because of the expiration of the corporate charter of the Church, under the rule peculiarly applicable to religious societies, the title vested in the respondent as Minister who, upon the authority of the recited action of the members of the Church, is empowered to convey the premises to appellant by fee-simple deed, upon the latter's compliance with the contract. 54 C. J. 53; *Pawlet v. Clark,* 9 Cranch 292, 3 L. Ed. 735, and *Terrett v. Taylor,* 9 Cranch 43, 3 L. Ed. 650, were also cited in the decree. The appellant was ordered to comply with the contract, pay the balance of the consideration and accept respondent's con-

veyance as Minister, whereupon appellant should be vested with the title in fee to the property.

The exceptions assert that at the time of the conveyance to the Church in 1922 it had no legal existence and therefore did not acquire title to the property but it vested in the individuals who constituted the membership of the Church and is now owned by them and/or their heirs; and, in any event, the Minister is not the proper person to execute the conveyance.

*Snider v. Snider, supra,* 70 S. C. 555, 50 S. E. 504, 106 Am. St. Rep. 754, involved a gift by will to Furman University of this State which had at that time allowed its incorporation to lapse and heirs at law of the testator claimed intestacy of the property for alleged lack of legal capacity of the unincorporated University to take. The diversity of judicial opinion elsewhere upon the question was noted, but it was said by our Court that it is settled in this jurisdiction that a devise or bequest to an unincorporated society is good, citing *Dye v. Beaver Creek Church,* 48 S. C. 444, 26 S. E. 717, 59 Am. St. Rep. 724; *Shields v. Jolly,* 1 Rich. Eq. 99, 42 Am. Dec. 349; and *Bates v. Taylor,* 28 S. C. 476, 6 S. E. 327. It was pointed out, however, that in those earlier cases the gift was to trustees for the benefit of the unincorporated society, or directly to the society with directions for the use of the property; and neither feature was present in the case then in hand (or in the instant case). It was thereupon reasoned, and decided, that the bequest to Furman University was as effective as an explicit statement of the purpose of the gift for it was to an existing educational institution which implied organization, with a board of trustees or other managers and operation under a definite plan. It was added that any future diversion of the gift to the unincorporated institution to purposes foreign to those in which it was engaged at the time of the gift would give the court jurisdiction to interfere upon proper application.

Something of the travail of other courts which have had to deal with this troublesome question is seen in the anno-

tation in 32 L. R. A. 625. See also 45 Am. Jur. 757 *et seq.* The principles of equity are always applicable to such controversies in our courts under the Code, unlike some other similar cases in jurisdictions which maintain separation of law and equity forums and remedies.

The State Constitution of 1895 contains in Art. 10, Sec. 4, an exemption from taxation of the property of churches, used for church purposes, without reference to any requirement of incorporation, as does Sec. 2578 of the Code of 1942 to the extent, in land, of two acres. It was undoubtedly within the knowledge of the framers of the constitution and statutes that there were and are many unincorporated churches in the State, and the right of ownership of real property by them was recognized. Thus the constitution and statutes may be said to impliedly authorize the practice.

We think the reasoning of the Court in the case of *Snider v. Snider, supra,* is no less applicable and convincing in the case in hand than there. We perceive no ground for distinction between a devise and a deed, whether the latter effects a gift or a sale of property. The Church here was functioning at the time of the conveyance to it in 1922 and its members, as such, took the title purported to have been conveyed to it by the deed. *Bates v. Taylor, supra,* 28 S. C. 476, 6 S. E. 327, and cases cited. Its former corporate and accepted name was used and it has existed under that name continuously to this day. The appellation implies organization and officers and religious purposes, which in fact obtain, just as "Furman University" denoted to the donor in the *Snider case* and to all others the organized educational pursuit of the University. We think, therefore, that the fee-simple deed to the Church in this case was effective to convey good title to its members organized as the Church, an unincorporated religious association or society, and is now vested in the present members, subject to their contract of sale. We are not dealing with a defunct organization such as was involved in *McAlhany v. Mur-*

*ray,* 89 S. C. 440, 71 S. E. 1025, 35 L. R. A. (N. S.) 895, Ann. Cas. 1913-A, 1008.

There remains the question of whether the Minister is the proper officer to convey the property in compliance with the terms of the contract duly made by the members of the Church and their formal authorization to and of him. We think it unnecessary to decide, and leave undecided, whether in this case only the Minister in his capacity as such may so act in behalf of the membership, for here he has been duly designated by the members to execute the conveyance for them, so he is their agent for the purpose and the agent of the unincorporated society. Therefore we think, upon the facts before us in this case, that the lower court did not err in its judgment that conveyance by the Minister, as such, will bind the Church and its members and vest in the purchaser the fee-simple title to the premises. This conclusion is reached without adoption of the rule stated in *Terrett v. Taylor, supra,* 9 Cranch 43, 3 L. Ed. 650, and *Pawlet v. Clark, supra,* 9 Cranch 292, 3 L. Ed. 735, which was derived from the early English ecclesiastical law, that the legal title to church property vests in the minister and his successors.

Judgment affirmed.

BAKER, CJ., FISHBURNE, TAYLOR and OXNER, JJ., concur.