THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Progressive
 Church of Our Lord Jesus Christ, Inc., by the Board of Bishops, Appellants,
v.
Elder Roscoe
 Black, Arthur Alford, Williams Stephens, Aquilera Black, Antonio Black and
 Aderia Black individually and as Trustees for Progressive Church of
 Bishopville, Respondents.
 
 
 

Appeal From Lee County
 S. Bryan Doby, Master-In-Equity

Unpublished Opinion No. 2012-UP-210
Heard January 12, 2012  Filed March 28,
 2012   

AFFIRMED

 
 
 
I.S. Leevy Johnson, William T. Toal, and Yvonne
 R. Murray-Boyles; all of Columbia, for Appellants.
Louis D. Nettles, of Florence, for Respondent.
 
 
 

PER CURIAM:  This case arises from a property dispute between
 Appellant Progressive Church of Our Lord Jesus Christ, Inc. (the Progressive
 Church), and Respondents Elder Roscoe Black, Arthur Alford, William Stephens,
 Aquilera Black, Antonio Black, and Aderia Black, individually and as trustees
 for the Progressive Church of Bishopville (the Bishopville Congregation).  On
 appeal, the Progressive Church argues: (1) it is the owner of the disputed
 property; (2) it has standing to bring this suit; and (3) neutral principles of
 law require that it be declared owner of the disputed property. We affirm. 
1.  As to the ownership of
 the property, we apply a neutral principles of law approach and find the Progressive
 Church failed to meet its burden of demonstrating error in the trial court's
 determination that the Bishopville Congregation is the owner of the disputed
 property. See Lewis v. Lewis, 392 S.C. 381, 392, 709 S.E.2d 650,
 655 (2011) (stating the trial court's factual findings will be affirmed unless the
 appellant satisfies the court that the preponderance of the evidence is against
 the trial court's findings); All
 Saints Parish Waccamaw v. Protestant Episcopal Church in the Diocese of S.C., 385 S.C. 428, 445, 685 S.E.2d 163, 172 (2009)
 ("[W]here a civil court can completely resolve a church dispute on neutral
 principles of law, the First Amendment commands it to do so."); Crystal
 Pines Homeowners Ass'n v. Phillips, 394 S.C. 527, 533, 716 S.E.2d 682, 685
 (Ct. App. 2011) ("If the reviewing court determines a deed is ambiguous,
 it must interpret the deed."); K&A Acquisition Grp., LLC v. Island
 Pointe, LLC, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009) ("In
 construing a deed, the intention of the grantor must be ascertained and
 effectuated, unless that intention contravenes some well settled rule of law or
 public policy.") (internal quotation marks omitted).  Specifically, we
 find evidence in the record on appeal that the Bishopville Congregation was
 operating as an unincorporated church at the time of the conveyance of the
 deeds.  See Jeffery v. Ehrhardt, 210 S.C. 519, 523, 43 S.E.2d
 483, 485 (1947) (finding the conveyance of a deed to an unincorporated church
 vested clear title to its members). 
2.  We decline to address the
 remaining issues on appeal. See Futch v. McAllister Towing of
 Georgetown, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that
 an appellate court need not address additional issues if the resolution of
 another issue is dispositive). 
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.