## NAUGHER et al. v. HINSON. (6 Div. 932.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Wills ⚖═702—Bill held to make proper case for construction of will.**

Bill charging that widow as executrix and trustee claims absolute power to make advancements in unlimited amounts as she may see fit, etc., and challenging absolute ownership of life estate and property, *held* to set forth proper case for construction of will.

**2. Wills ⚖═439—Not purpose of construction to substitute will of another for that of testator.**

It is not purpose of construction to substitute will of another for will of testator.

**3. Wills ⚖═691—Powers to be defined not restricted.**

Where will devises beneficial interest, accompanied with trust for life, and confers large discretionary powers, these powers are to be defined, not restricted, by court in suit to construe the will.

**4. Executors and administrators ⚖═63—Will cannot dispense with inventory.**

Filing of inventory by an executor is a duty which cannot be negatived by the will.

**5. Executors and administrators ⚖═458—Statutory duty to make settlement mandatory.**

Duty of executor to make settlement, under Acts 1919, p. 566, is mandatory.

**6. Executors and administrators ⚖═26(1)—Requirement of bond of executor relieved therefrom by will.**

Requirement of bond of executor, relieved therefrom by will, is only on a judicial finding that estate is likely to be wasted to prejudice of some person interested therein, under Code 1907, § 2541.

Appeal from Circuit Court, Fayette County; J. J. Curtis, Judge.

Bill in equity by Dora Hinson against C. E. Naugher and others, seeking removal of the administration of the estate of William T. Naugher, deceased, from the probate to the equity court, for construction of the will of said Naugher, etc. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

See, also, 207 Ala. 592, 93 South. 560.

The will of William T. Naugher is as follows:

"State of Alabama, Fayette County.

"I, William T. Naugher, a resident citizen of Fayette county, Alabama, being of sound mind do make and declare this to be my last will and testament, hereby revoking any and all wills heretofore made by me.

"Item 1—I hereby appoint my wife, C. E. Naugher, executrix of this my last will and testament, and expressly direct that she shall not be required to give bond as such executrix. I hereby expressly exempt her from giving bond as such executrix.

"Item 2—I now owe no debts, but I direct my executrix to pay as soon as practicable after my death, any debts that I may owe at the time of my death, including funeral expenses.

"Item 3—I give, devise and bequeath to my wife, C. E. Naugher, as trustee, all of the property, both real and personal and mixed, of which I die seized and possessed, upon the following trust and conditions, to wit:

"My said trustee, shall have the full power and authority to manage and control the trust estate during her life, and without order of court, and in whatever way she may deem best, and my said wife shall be entitled to receive for her own use, from herself as trustee all of the net income from my estate, during her life, and if such income is insufficient for her comfortable support and maintenance, she shall have the right and power to sell so much of the corpus of my estate and use the same as is necessary for her comfortable support and maintenance during her life.

"My said wife shall also, as trustee, have the right and power, at private sale, and without order of court, to sell and convey, or otherwise dispose of, any property belonging to my estate for reinvestment, and in like manner sell for reinvestment any property which she may acquire as trustee.

"None of my children shall be entitled to enforce a division, or demand any portion of my estate until the death of my said wife, and then it is my will that my estate shall be divided share and share alike between my children, and if at the time of division any one of my children be dead, leaving surviving a child or children, such child or children shall take the share which the parent would have taken if living, provided, that the advancement which I have heretofore made to my daughter, Minnie Smith of eight hundred and twenty-five dollars, and the advancement which I have heretofore made to my daughter, Dora Hinson, of eight hundred and twenty-five dollars, shall be taken into consideration and be charged against them on the division of my estate.

"Item 4—It is further my will and I authorize and empower my wife, as trustee, to make advancements to such of my other children, other than Minnie Smith and Dora Hinson, as she sees fit, after such children arrive at the age of twenty-one years or are married; all such advancements made to be chargeable against the child, to whom the advancement is made, on final settlement and distribution of my estate.

"Item 5—I expect my wife to give the necessary support and maintenance and education to my minor children as she deems necessary, out of the income which she receives from my estate, but this is left entirely in her discretion as to the amount that she expends for these purposes, and the advancements here-

inbefore authorized as to the amount, and whether or not they will be made, is left to her discretion as trustee.

"Item 6—I direct my wife, as executrix, shall not be required to file any inventory of my estate in any court, and I further direct that my wife, as trustee shall not be required to give any bond as trustee, and that any loss that may be sustained in the administration of said estate by her, either as executrix or trustee, shall not be chargeable against her.

"In witness whereof, I hereunto set my signature and seal to this my last will and testament, and identify each page of my will, there being this page and two preceding pages, which constitute all the pages of this my last will and testament by writing my name on the margin of each page, this the 11th day of July, 1908.

"[Signed]  William T. Naugher.  [L. S.]

"The foregoing instrument was signed by William T. Naugher and declared to be his last will and testament in our presence and in the presence of each of us, and we in his presence, and in the presence of each other and at his request, have hereunto set our signatures as attesting witnesses on the day of the date of said will.  F. M. Robertson.
"S. J. Cannon.

James J. Mayfield, of Montgomery, and S. T. Wright, of Fayette, for appellants.

Counsel argue for error in the decree, but without citation of authorities.

W. L. Harris and Wm. W. Monroe, both of Fayette, for appellee.

Complainant has a present, vested interest and right in the property devised, and has the right to maintain this bill. The respondents, other than C. E. Naugher, are vested remaindermen, and proper parties. Nabors v. Woolsey, 174 Ala. 289, 56 South. 533; Mertins v. Hubbell Pub. Co., 190 Ala. 311, 67 South. 275; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; 40 Cyc. 1846.

BOULDIN J. The purpose of the bill is set forth in the decision on former appeal. Hinson v. Naugher, 207 Ala. 592, 93 South. 560. We there sustained the general equity of the bill, but upheld the decree sustaining the demurrer thereto upon the special ground of misjoinder of parties. The will sought to be construed did not then appear in the record, without which it did not affirmatively appear that the children of decedent, other than complainant, took such interest under the will as to make them proper parties. Complainant thereafter amended section 4 of the bill setting forth the interests of the parties; the will being then an exhibit to the bill.

The trial court overruled the demurrer to the bill as thus amended, and the present appeal is from that decree.

The will being now before us, both parties argue questions going to its proper construction. These questions are not now for our decision as we held on former appeal, except for the purpose of passing upon the equity of the bill and the several grounds of demurrer presented.

It is insisted that the will of the husband vests such title and beneficial interest in the wife, coupled with powers of control and disposition, without liability to account, that her discretion is absolute and not to be controlled nor directed.

[1] The main equity of the bill is the construction of the will—is to define the interests of the parties and the scope of the powers conferred. To illustrate, the bill charges that Mrs. Naugher, as executrix and trustee, claims the absolute power to make advancements in unlimited amounts as she may see fit. The complainant claims that under the will all the children are to share alike in the unconsumed portion of the estate after the mother's death, less the advancements made by the father, and that the discretion to make advancements to the minor children as they become of age or get married is limited by this devise to all alike. Again, the bill challenges the mother's absolute ownership of a life estate in the property, her right to the income therefrom except in trust for the support of herself and minor children. These, and other features of the bill, make it a proper case for construction of the will. Ashurst v. Ashurst, 175 Ala. 667, 57 South. 442.

[2-4] It is not the purpose of construction to substitute the will of another for the will of the testator. This will, besides devising a beneficial interest to Mrs. Naugher, accompanied with a trust for life, confers large discretionary powers. It bespeaks great personal confidence. These powers are to be defined, not restricted. No unnecessary burden in the matter of accounting as trustee for that which is personally hers should be added, and no needless consumption in costs. There are certain legal duties required of executors which cannot be negatived by the will. Among these is the filing of an inventory.

[5, 6] Under our present statute the duty to make settlement is mandatory. The administration of an estate is a court proceeding. In due course it should end by a proper order made upon a showing as to the manner in which the duties imposed have been performed. Acts 1919, p. 566. The requirement of bond of an executor, who is relieved therefrom by the will, is only on a judicial finding that the estate is likely to be wasted to the prejudice of some person interested therein. Code, 1907, § 2541.

These general comments are made, not by way of construing the will, but as outlining somewhat the nature of the issue presented by the bill.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.