200 So. 762

## BRADBERRY et al. v. ANDERSON.

### 7 Div. 647.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied March 20, 1941.

682

A. L. Crumpton, of Ashland, for appellants.

. Merrill & Merrill, of Heflin, for appellee.

FOSTER, Justice.

This is an agreed case under section 6110, Code, growing out of the final settlement of the accounts of an executor in the probate court. It is stipulated that the respective rights of the parties will depend upon the construction of the will of J. P. Anderson, who died in January, 1927, leaving a widow and three children and the descendants of a deceased child. He left real estate, money and notes. The executor has converted it all into cash, and consumed it in the support, benefit and comfort of the widow who died in December, 1939. No question is raised as to the necessity for such consumption, nor in the nature of its use, but it is contended that the executor under the will had the power to consume for that purpose only the income from the estate. That contention is controlled by the terms of the will properly interpreted.

The will is very short, and to set out such features as are here material, it provides for the payment of his debts, and then paragraph two is as follows: "After all indebtedness against my estate has been paid I desire the residue or balance of my estate to be held by the executor for the benefit and comfort of my wife, S. F. Anderson, both personal and real, so long as she lives." In paragraph three it is provided that after the death of his wife "any and all of my estate be divided among my heirs at law." In paragraph four, he appoints his son James M. Anderson, Jr., executor "fully empowered to dispose of said estate as provided herein and empowered to make deeds to said any and all realty as executor of the undersigned."

But the only question of importance is whether the executor has the power under the will to use the corpus of the estate for the "benefit and comfort" of the wife during her lifetime. "Provisions for the support and maintenance of the beneficiary have been construed as entitling the beneficiary to use the principal of the fund where necessary, * * * and the power to consume the corpus has been held to be implied in the absence of express provision in the will," not contrary to its in-

tent. 69 Corpus Juris 949, note 43; Shepard v. Shepard, 57 Conn. 24, 17 A. 173; Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458. A provision for the support of the wife should receive a consideration most favorable to her. 69 Corpus Juris 946, note 16.

Such a legacy as that here involved is akin to an annuity payable out of the estate. An annuity usually is for a definite sum. Here the sum is not fixed, but it fluctuates with the need of the widow to secure her "comfort." It is not specified in the will that the amount to be applied to her benefit and comfort shall be payable out of the income alone. Nor is it specified that it shall be a charge upon the corpus. But a fair interpretation is that it shall be payable regardless of the source of the amount needed to do so. If there is no indication in the will or attendant facts that the annuity shall be paid out of income rather than corpus, resort may be had, if necessary, to the corpus. 3 Corpus Juris 213, note 24; 3 Corpus Juris Secundum, Annuities, § 5(b), p. 1381; 2 Amer.Jur. 833, section 33; 2 R.C.L. 8, section 13; 69 Corpus Juris 1188, § 2511; Thompson v. Bank of Tuskegee, 199 Ala. 67, 74 So. 37.

Too much emphasis should not be placed on some isolated word. "Held" here need not imply that the corpus shall remain intact. The entire amount of the estate should be considered. Compare Hammond v. Bibb, 234 Ala. 192, 174 So. 634. It only aggregated $5,667, which had to support and maintain the widow for her life, which proved to be eleven years. Instead of being sufficient, the executor (her son) supplied $1,228.08 for her, presumably from his own resources. We cannot suppose that the testator meant to provide that she should not have maintenance and support if the income should be exhausted. As we have noted, there is no contention that the amount used and consumed was not necessary to her support and maintenance.

The court decreed in making final settlement of the administration that the executor was within the powers conferred by the will in exhausting the corpus of the estate if necessary to provide for the support and maintenance of the widow. In this we concur.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.