61 So.2d 432

**RAMAGE et al. v. RAMAGE et al.**

4 Div. 689.

Supreme Court of Alabama.

Aug. 27, 1952.

Opinion Extended and Rehearing Denied
Nov. 6, 1952.

Lewis & Lewis, C. R. Lewis and P. S. Lewis, Dothan, and Oliver W. Brantley, guardian ad litem, Troy, for appellants.

John C. Walters, Troy, for appellee Hattie L. Ramage.

E. C. Orme, Troy, for appellee First Farmers & Merchants Nat. Bank.

SIMPSON, Justice.

This is a declaratory judgment suit brought by the grandchildren and remoter kin of the late J. T. Ramage against his widow, Hattie L. Ramage, to construe paragraph 11 of his last will and testament and to adjudicate accordingly. The First Farmers & Merchants National Bank of Troy, as trustee (substituted) under the will was also made a party defendant and joins in the prayer for relief.

On an abridged record with agreement that an interpretation of said paragraph 11 constituted the question at issue, the trial court entered a decree favorable to Mrs. Ramage and against the contentions of complainants. From that decree the latter have prosecuted this appeal.

The will was executed July 21, 1938, and soon after that James T. Ramage died. The instrument was duly admitted to probate and record in Pike County August 30, 1938.

The first paragraph of the will contained the customary provision for the payment of debts.

The second paragraph devised and bequeathed to his widow, Hattie L. Ramage, certain shares of capital stock of The Brundidge Banking Company absolutely, the residence in Brundidge and a considerable amount of farm lands in the county for her natural life, with remainder over to certain grandchildren.

In the third and fourth paragraphs testator devised separately to two of his granddaughters, both then minors, parts of the remainder interests in the lands he devised to his widow for her life, with remainder to lineal descendants, etc.

In paragraph 5 a life estate was devised in certain lands to his grandson James T. Ramage, Jr., with like disposition as to the remainder interest after termination of the life estate of devisee.

In the sixth paragraph testator devised to a third granddaughter, Patsy Ann Ramage, a life estate in certain lands with like disposition as to the remainder interest after termination of the life estate.

The other bequests are not necessary to mention, except paragraph 11, under consideration, and paragraph 13, which will be reproduced with the report of the case and in which testator purported to divide the residuary estate into four parts for the benefit of the four grandchildren or their issue.

Paragraph 11 reads:

"Eleventh: It is my will, and I so direct, that my executors hereinafter named shall see to it that my wife, Hattie L. Ramage, is provided with a comfortable home and then a liberal amount for her support, comfort and convenience and all reasonable wants, wishes and desires, using such sum or sums as to them may seem reasonable, not exceeding the sum of Five Hundred and no/100 ($500.00) Dollars per month. For these purposes they are hereby authorized and directed to set aside a one-fifth part of my estate remaining and not herein otherwise disposed of, either in property or the proceeds thereof, as to them may seem best and most practical, and so hold the same, or the proceeds thereof, in trust, for and during the term of the

natural life of my said wife, and for such purposes first using the incomes and profits thereof, the balance of such funds or property shall then be added to and become a part of the general estate then remaining."

The executors named in the will have heretofore resigned and appellee Bank has been appointed trustee to administer the will. It seems the executors never did follow the prescriptions of the last clause of paragraph 11 by setting aside a one-fifth part of the estate for the purposes provided therein. They merely treated the provision as entitling the widow to an amount not to exceed the stated figure and paid approximately that amount monthly from the estate. However, during this long period between the testator's death and the filing of the bill, a one-fifth part of the estate is alleged to have been exhausted. If, therefore, any further payments are due they will have to be met from the rest of the estate.

The primary question for determination is whether or not paragraph 11 in essence provides for an annuity for the life of the widow, to be payable from the rest of the estate in the event the one-fifth part mentioned in paragraph 11 shall have proven inadequate for that purpose.

The trial court concluded in the affirmative and decreed:

"1. That it was the intent of J. T. Ramage, deceased, as manifested in paragraph 11 of his will, that testator's wife, Mrs. Hattie L. Ramage, should be paid an annuity not exceeding $500 per month, the exact amount to be determined by the executors under the will, said annuity to be paid in monthly installments for the balance of the natural life of Mrs. Hattie L. Ramage.

"2. That testator's authorization and directive to the executors under his will to set aside a one-fifth portion of said estate remaining, using the income from the one-fifth portion set aside first, then the corpus if necessary, to pay the monthly annuity to Mrs. Hattie L. Ramage for her natural life, did not limit the payment of the an-

nuity to the one-fifth portion of the estate authorized to be set aside.

"3. That it was testator's clear intent that an annuity for life not exceeding $500 per month, the exact amount to be determined by his executors, payable monthly, to his widow Mrs. Hattie L. Ramage, and that said annuity should be paid from the corpus of the general estate and the corpus is impressed with that trust.

"4. That it is the duty of the Trustee under the will of J. T. Ramage, deceased, to ascertain what would be a reasonable sum, not exceeding $500.-00 per month, to be paid Mrs. Hattie L. Ramage each month for her support and maintenance, and to pay said monthly sum to Mrs. Hattie L. Ramage for the balance of her natural life."

We are in accord with the decree. Mrs. Ramage was sixty years of age when the will was executed and when the testator died. She is now about seventy-four years of age. The instrument clearly attests that the testator's primary purpose was to provide for his widow after he was gone. He first bequeathed and devised to her valuable bank stocks and a life estate in their home and extensive farm lands. And to be more certain that she would be amply cared for, he included paragraph 11, committing the executors to the duty to "see that my wife, Hattie L. Ramage, is provided with a comfortable home and then a liberal amount for her support, comfort and convenience and all reasonable wants, wishes and desires, using such sum or sums as to them may seem reasonable, not exceeding the sum of Five Hundred and no/100 ($500.00) Dollars per month."

This provision has already been defined by this court in the case of Ramage v. First Farmers & Merchants National Bank, 249 Ala. 240, 30 So.2d 706, 709, as creating "an annuity for life of not exceeding $500 per month (the exact amount to be determined by his executors) payable monthly to his widow, Hattie L. Ramage", and for that purpose "The executors were authorized and directed to set aside one-fifth of the portion of the estate" etc. But

this last clause was not a devise of a one-fifth part of the estate to his wife for the specific purpose of carrying out the provisions of paragraph 11. It was merely an authorization and direction to the trustees to set aside that much of the estate in order to insure his widow's proper comfort and support as directed in the first clause of paragraph 11. Though there were other provisions of the will for her benefit, it is evident that the testator's primary concern was that her support, comfort and convenience and all reasonable wants, wishes and desires be adequately taken care of to the extent, if necessary, of $500 per month. To this end it was the duty of the executors and trustees to determine the amount reasonably necessary for this purpose and to pay the sum in accordance with said provision, not to exceed said sum.

Thus determining the intention of the testator, it necessarily follows that if the one-fifth part has proven inadequate to fully execute the commitments provided for in paragraph 11, the remainder of the estate stands impressed to insure the proper execution of that provision. With this purpose that his wife be so cared for being manifest, the will could in no wise be interpreted as meaning that in the last years of his wife's life testator intended she should hazard the possibility of being left unprovided for, when his estate was of such sizable proportions. We cannot but conclude that the testator intended that her remaining years would be taken care of as in the first years of her widowhood.

We are furnished with some legal guides. The courts do not overlook the natural inclination and purpose of any man to first make adequate provision for his loyal and devoted partner in the years of their married life and then to make those other secondary beneficent dispositions to the more remote kin. A provision in the will for the support of a wife should receive that construction most favorable to her. Bradberry v. Anderson, 240 Ala. 681, 200 So. 762.

And the fact that it may be necessary to invade the corpus of the estate in the execution of such a provision is no impediment to that end. The power to consume the corpus of the estate to carry out the provision in a will for the support and maintenance of a beneficiary has been held to be implied in the absence of an express provision forbidding it or a specific intent to the contrary clearly indicated. Bradberry v. Anderson, supra; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; 69 C.J. 949, n. 43.

But it is argued that paragraph 13 of the will purports to devise to the residuary devisees the remainder estate absolutely, without reference to the demands of paragraph 11 and regardless of whether or not the widow receives that support provided for her in said paragraph. Such a construction impresses us as unsound and out of harmony with the recognized canons of interpretation. Keeping in mind the primary purpose evinced by the will that testator's widow should be adequately provided for, the subsequent estate devised in paragraph 13 is subject to the trust impressed on it for the widow's benefit and should not be construed as detracting from it or limiting its extent. The rule of construction is "where an estate is given in one clause by clear and specific terms, such interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by subsequent words that are not as clear and decisive as the word of the clause giving the interest or estate in the first instance." Pearce v. Pearce, 199 Ala. 491, 499, 74 So. 952, 956.

We find no error in the decree as rendered.

Let the trustee pay all the costs. Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.

On Application for Rehearing

SIMPSON, Justice.

We are asked to extend the opinion to declare whether, in exercising its discretion under Paragraph 11 of the will, the trustee would be limited to payment to Mrs.

Ramage of such sum as would be reasonable for her "support, comfort and convenience, wants, wishes and desires, etc., not exceeding $500," taking into consideration her income from other sources; or stated another way, after determining what constitutes a liberal amount for her support, etc., is the trustee required to deduct therefrom her independent income and merely pay her the difference? We do not think the will is subject to such a construction. As was pointed out originally, the testator devised and bequeathed to his widow certain properties separate and apart from that considered in Paragraph 11 and we regard Paragraph 11 as an additional bequest for the purposes stated up to $500 a month, within the discretion of the trustee reasonably and fairly to be exercised. To adopt the contrary construction would be to limit the income of Mrs. Ramage to a possible $500 per month, which we do not think, according the liberal construction to be applied, was the intention of the testator.

We have responded to the request to extend the opinion to the foregoing extent, but are unwilling to make a further declaration of possible future rights of heirs. We do not regard that question as presented.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.