314 So.2d 280

**Flora Lee PERDUE**

v.

**John Henry ROBERTS, Jr., et al.**

**SC 975.**

Supreme Court of Alabama.

June 5, 1975.

Richard H. Gill, Montgomery, for appellant.

**196**

L. Y. Sadler, Jr., Camden, for John Henry Roberts, Jr.

JONES, Justice.

Although arising in the context of a sale for division, the issue presented by this appeal calls into question the trial Court's construction of a will.

At the time of his death in 1950, E. B. Perdue owned in Wilcox County a 360-acre farm and an undivided ½ interest in an adjoining tract of 393 acres. His brother, C. C. Perdue, owned the other undivided ½ interest in the 393 acres. When C. C. Perdue died, his undivided ½ interest devolved to his heirs at law, one of whom sold an undivided 1/12 interest to one of the appellees, John Henry Roberts, Jr. Roberts brought the bill of sale for division and named Flora Lee Perdue, the appellant and widow of E. B. Perdue, along with the heirs and successors of C. C. Perdue and two leasehold tenants as parties respondents.

Consequently, in order for the trial Court to determine the interest of each party, particularly that of Flora Lee Perdue, a construction of E. B. Perdue's will was necessary. Articles Three and Four of the will are as follows:

### "THREE

"I give, devise and bequeath to my beloved wife, Flora Lee Perdue, if she be living with me as my wife at the time of my death, a life estate in my farm or plantation located about six (6) miles from the Town or Village of Furman, in Wilcox County, Alabama, comprising 560 acres more or less, together with a life estate in my home and residence in the Town or Village of Furman in Wilcox County, Alabama, to have, to hold and to use during the terms of her natural life; and upon her death, the remainder estate in said real property, I give, devise and bequeath to my heirs at law then surviving me, they to take said remainder estate in the same proportion, shares and parts as though I had died intestate with respect thereto. If during my wife's life tenancy of said plantation or farm approximately six (6) miles from Furman in Wilcox County, Alabama, she is in need of funds, I hereby empower and authorize her to sell and convey as much as forty (40) acres of said farm or plantation during any one (1) year and by deed of conveyance, convey to the purchaser thereof the absolute and full title thereto, the proceeds to be used by her to meet her said necessitites and needs; and, thereafter, from year to year, if her

needs or necessities require it, she may likewise convey during any one (1) year forty (40) additional acres; and, her deed of conveyance shall be conclusive evidence of her needs or necessities.

## "FOUR

"All the rest, residue and remainder of my estate, real, personal and mixed, I give, devise, and bequeath to my beloved wife, Flora Lee Perdue, if she be living with me as my wife at the time of my death."

The initial issue raised by the previous excerpts of the will is that since E. B. Perdue owned a 360-acre farm in fee and an undivided ½ interest in an additional adjoining 393-acre tract, what interests did he attempt to pass to his wife, Flora Lee? That is to say, did both the farm (360 acres) and his ½ interest (in the remaining 393 acres) pass under Article Three, leaving her a life estate in each, or did the ½ interest pass to her under Article Four, the residuary clause, in fee?

Mrs. Perdue contends that her husband intended under Article Three to leave her a life estate in the 360-acre farm with an unconditional right to sell up to 40 acres a year should she, in her own opinion, decide that she needed additional income; and that he intended under Article Four to devise to her in fee his ½ undivided interest in the 393-acre tract. Alternatively, she contends that if she does have only a life estate in the ½ interest in the 393-acre tract, she should be allowed the monetary equivalent of her interest annually therein from the sales price.

On a stipulation of facts, the trial Court decreed that both tracts passed under Article Three, giving Mrs. Perdue a life estate in each tract of land. As to the sale of her ½ interest in the 393-acre tract, the Court was also of the opinion, "that Mrs. Perdue is entitled to the interest for her lifetime on said proceeds, inasmuch as the tract of land sold was a one-half interest

for life" and that "Mrs. Perdue has the further right upon appropriate showing of need or necessity to receive from one-half of the net proceeds of the sale such additional funds as shall not exceed the equivalency of forty acres per year." The foregoing is assigned as error.

Because none of the evidence was taken orally before the trial Judge rendering the decree, there is no presumption in favor of his findings from the evidence, and on appeal we must sit in judgment on the evidence. *Sheehan v. Liberty Mutual Fire Ins. Co.*, 288 Ala. 137, 258 So.2d 719 (1972); *Machen v. Wilder*, 283 Ala. 205, 215 So.2d 282 (1968). Accordingly, the facts being virtually without dispute, we will now proceed to apply the law to the facts in order to determine whether the trial Court's interpretation of the latent ambiguity in the will was in accord with E. B. Perdue's intent at the time he drew up his will.

We disagree with the trial Court's interpretation. We reverse and remand for further proceedings in connection with the sale for division not inconsistent with this opinion.

We hold that Mrs. Perdue received a life estate in the 360-acre farm under Article Three, and a fee simple title in the undivided ½ interest in the 393-acre tract.

A summary of the basic rules of construction which guides our consideration follows:

Where an ambiguity exists in a will, the courts should construe the will so as to give effect to the intent of the testator, and should seek to reconcile all the provisions so as to give effect to all provisions and to form a harmonious whole. Such reconciliation must also give effect to the residuary clause. *First National Bank of Birmingham v. Klein*, 285 Ala. 505, 234 So.2d 42 (1970); *Curlee v. Wadsworth*, 273 Ala. 196, 136 So.2d 886 (1962); *Sewell v. Byars*, 271 Ala. 148, 122 So.2d 398 (1960); *Watters v. First National Bank of*

Mobile, 233 Ala. 227, 171 So. 280 (1963); Henderson v. Henderson, 210 Ala. 73, 97 So. 353 (1923).

■ The intention of the testator is the polestar to guide a court in the construction of a will and, in arriving at the testator's intention, the court should consider the instrument as a whole and not construe any paragraph separately. Wilson v. Skelton, 262 Ala. 504, 80 So.2d 633 (1955); Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699 (1948); Smith v. Nelson, 249 Ala. 51, 29 So.2d 335 (1947).

■ When there are latent ambiguities in a will, resort may be had to extrinsic evidence in ascertaining the intent of the testator. Rice v. Park, 223 Ala. 317, 135 So. 472 (1931).

■ In construing a will, the court should look to the position of the testator under all the circumstances, and should recognize the natural inclination and purpose of the testator to favor his wife over remote heirs who are not his lineal descendants. Ramage v. Ramage, 358 Ala. 81, 61 So.2d 432 (1952); George v. Widemire, 242 Ala. 579, 7 So.2d 269 (1942); Bradberry v. Anderson, 240 Ala. 681, 200 So. 762 (1941); Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92 (1938).

■ Provisions in a will for the support of a surviving widow are to be construed most favorably to her. *Ramage,* supra; *Bradberry,* supra.

■ The residuary clause as well as the other clauses in a will must be so considered and given a field of operation. *Watters,* supra.

■ It is not the purpose of construction to substitute the will of another (including that of the court) for that of the testator. Naugher v. Hinson, 211 Ala. 278, 100 So. 221 (1924).

■ When the language of Article Three is read together and analyzed as a whole, the substance of E. B. Perdue's devise to his wife, Flora Lee Perdue, may be summarized thusly:

(1) a life estate in his farm,

(2) with right of disposition up to 40 acres per year conditioned on need;

(3) her deed conveys absolute and full title thereto; and

(4) operates as conclusive evidence of need.

The resolution of the ultimate issue is explicit in our response to the question: Can each of the foregoing elements of the testator's intent, as expressed in Article Three, be given equal application as to both the 360-acre tract and the 393-acre tract? The answer is readily apparent. Each of these elements of his intent can operate fully only as to the 360-acre tract. Indeed, we need go no further than the absolute and unconditional power of disposition to determine that this element of his intent cannot be given effect with respect to the 393-acre tract because of his ½ undivided interest therein.

The will could only devise to the widow that interest which the testator owned at his death and this ½ undivided interest effectively prevented her from exercising the unlimited power of disposition as to that portion of his property. She could neither carve out for sale the requisite 40 acres per year, nor could she pass "absolute and full title thereto."

Conversely, if the 360-acre tract passes under Article Three and the 393-acre tract passes under Article Four, all elements of his intent with respect to all of his property are given full effect. Moreover, this construction relieves the trial Court of the dilemma in which it found itself in requiring the widow to petition the court by a showing of need (of itself violative of the absolute power of sale) in order to invade the principal acquired from the sale of the subject property.

It follows, therefore, that E. B. Perdue devised to his widow, Mrs. Flora Lee Perdue, a fee simple estate in and to his ½ undivided interest in the 393-acre tract under Article Four—the residuary clause—of his will.

Reversed and remanded with instructions.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.