SHORES, Justice.
Sam Carroll, by will, left his wife, Mary V. Carroll, about 78 acres of land in Dale County. She made a deed purporting to convey approximately 73 acres of that land to her grandson Jack Carroll Cumbie. Mary Carroll has now died. Her son William Dean Carroll (“Dean Carroll”) sued Jack Carroll Cumbie, seeking a judgment setting aside Mary Carroll’s deed to Jack Carroll Cumbie. Dean Carroll contended that his mother had had only a life estate in the land. While the complaint and the judgment dealt with other questions, such as a claim by Dean Carroll to some of the 73 acres by adverse possession, Dean Carroll has appealed only from the trial court’s order ruling that his mother had the power to convey the land and refusing to set aside the deed to Jack Carroll Cumbie. The trial judge’s order reads as follows:
“On the 29th day of July, 1955, Sam Carroll executed a will, which is in evidence and marked plaintiff’s exhibit 1. Among other things, the will provided as follows in paragraph second, third and fourth:
“ ‘2. I do hereby give, will, devise and bequeath unto my beloved wife, Mrs. Mary Carroll, all of my estate, real, personal and mixed, of every kind and description, to be hers to do with as she deems best during her lifetime or until her remarriage, if she should remarry, she to have the right to use, consume or dispose of any portion of my personalty for her support and comfort and the right to rent out or cultivate the said real estate, and to have the income therefrom;
“ ‘3. Upon the death of my said wife, or in the event of her re-marriage, then I do hereby give, will, devise and bequeath unto my son, Dean Carroll, to be his absolutely, the following described lands, to wit:
“ ‘[Description omitted.]’
“ ‘I make this specific devise to him for the reason that he had assisted me in my operations more than any of my other children;
“ ‘4. Upon the death of my said wife, or in the event of her re-marriage, then I do hereby give, will, devise and bequeath unto all my children, viz., Dean Carroll, Mrs. Ruth C. Cumbie, Eugene Carroll, Oscar Carroll and Mrs. Katherine Pettis, all the rest and residue of my estate of every kind and description to be theirs absolutely share and share alike;’
“Mr. Carroll died December 15, 1967. His will was duly filed for probate and recorded in Book J, page 335 in the office of the Judge of Probate of Dale County, Alabama.
“Mary V. Carroll was the wife of Sam Carroll and she survived Sam Carroll. She was the named devisee in the second paragraph of the will.
“According to paragraph two of said will, Sam Carroll devised unto Mary V. Carroll, his beloved wife, all of his estate, real, personal and mixed, of every kind and description, to be hers to do with as she deemed best during her lifetime or until her remarriage; if she should re *614 marry, she had the right to use, consume, or dispose of any portion of his personalty for her support and the right to rent out or cultivate the said real estate and to have the income therefrom.
“The third paragraph of said will provided that upon the death of Mrs. Carroll or in the event of her remarriage, then the property in question was devised to his son, Dean Carroll, to be his absolute.
“On January 29, 1991, Mary V. Carroll conveyed by deed the following described property to Jack Carroll Cumbie. This is the property in question:
“ ‘[Description omitted; the land described was within the land described in paragraph 3.]’
“At the time of this conveyance, Mrs. Carroll was alive and she had not remarried.
“The plaintiff alleges that, by the terms of the will, Mrs. Carroll only had a life estate in said property and had no right to convey the fee simple title to the property to the defendant, Mr. Cumbie.
“The defendant contends that, under the second paragraph of said will, Sam Carroll left his widow, Mary Carroll, an absolute power of disposition over the entire estate, whether real or personal or mixed, of any kind or description during her lifetime and any residue remaining undisposed at her death, in the event she did not remarry, whatever that might be, would go pursuant to the third and fourth paragraph of Mr. Carroll’s last will and testament.
“The Court finds that Mr. Carroll left all of his property, real, personal and mixed, of every kind and description to his wife. The Court finds that she had the right to do with the property as she deemed best during her lifetime, or until she remarried. The Court finds that this included the absolute right to sell the property during her lifetime or until she remarried, if she deemed it best. In the event she did remarry, she was restricted to using, consuming or disposing of the personalty only for her support and restricted to renting out or cultivating the real estate and having the income therefrom.
“Upon the death of the wife or upon her- remarriage, any residue remaining undisposed would pass under the third and fourth clauses of the will.
“The Court finds that the wife did not remarry and therefore, as to any real property disposed of prior to her death, any devise of said real estate in paragraph three or four is defeated.
“Therefore, the Court finds that the defendant is the owner in fee simple absolute of the property in question.
“The Court further finds that Mr. Cumbie paid fair market value for said land and that the deed should not be set aside on the basis of failure of consideration.
[[Image here]]
“THEREFORE, IT IS ORDERED AND ADJUDGED AND DECLARED as follows:
“1. that pursuant to the provisions of the will of Sam Carroll, Mary Carroll had the absolute power to sell the property in question prior to her death or her remarriage.
“2. that she did not remarry and she did convey the said property to the defendant.
“3. that all right, title and interest in and to the property in question is hereby vested in the defendant, Jack Carroll Cumbie to the exclusion of all others.
[[Image here]]
Having carefully examined the record in this case, we conclude that the order of the trial court is due to be affirmed, because we conclude that the evidence supports the trial court’s finding that the testator intended to give his wife an absolute power of disposition, within the meaning of §§ 35-4-291 and -292, Ala.Code 1975. Courts should construe a will so as to give effect to the intent of the testator. First National Bank of Birmingham v. Klein, 285 Ala. 505, 234 So.2d 42 (1970); City National Bank of Birmingham v. Andrews, 355 So.2d 341 (Ala.1978); “We have repeatedly referred to this intent as the polestar that guides us.” Gafford v. Kirby, 512 So.2d 1356, 1360 (Ala.1987), citing *615 Wiley v. Murphree, 228 Ala. 64, 151 So. 869 (1933). In construing a will, we have recognized the natural inclination of a testator to provide for his widow. Ramage v. Ramage, 258 Ala. 81, 61 So.2d 432 (1952).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.