RICHARD L. HOLMES, Retired Appellate Judge.
This is a breach of contract case.
In December 1987 Cook Oil Company, Inc. (Cook Oil), filed a complaint against Glenn Lawler. The five-count complaint alleged that Lawler owed Cook Oil $24,613.88 for *951 petroleum products delivered by Cook Oil to Skeeter’s Truck Stop, Inc. (Skeeter’s), in Shorter, Alabama.
Count one of the complaint alleged breach of contract; count two alleged goods sold and delivered; count three alleged account stated; and counts four and five alleged misrepresentation/fraud.
When the case was called for trial, the parties agreed to submit the matter to the trial court for a determination based upon the pleadings and the depositions taken in the case. The trial court entered a judgment for Cook Oil and against Lawler in the amount of $24,613.88.
Lawler appeals. Cook Oil has not favored this court with a brief. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6). For the reasons set out below, we reverse and remand.
Initially, we note that in cases such as the present case, where none of the testimony was taken orally before the trial court which entered the judgment, there exists no presumption of correctness in favor of the trial court. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975). On appeal, this court “must sit in judgment on the evidence.” Perdue, 294 Ala. at 197, 314 So.2d at 282.
In his first issue, Lawler contends that count one of the complaint for breach of contract is barred by the statute of frauds, Ala.Code 1975, § 8-9-2(3). We note that § 8-9-2(3) provides the following:
“In the following eases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(3) Every special promise to answer for the debt, default, or miscarriage of another....”
(Emphasis added.)
This court recognizes that one must first determine whether an agreement is “collateral” or “original” in nature in order to determine whether the agreement falls within § 8-9-2(3). Smith v. Rials, 595 So.2d 490 (Ala.Civ.App.1991). Our supreme court defined “collateral” agreements and “original” agreements in the following manner:
“ ‘Collateral’ agreements are those in which the object of the promise is to become the guarantor of another’s debt; these are within the statute and must be in writing to be enforceable. ‘Original’ agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor.”
Fendley v. Dozier Hardware Co., 449 So.2d 1236, 1238 (Ala.1984) (citations omitted) (emphasis original).
Our review of the record reveals the following: In May 1985 Lawler, acting in his capacity as president of Skeeter’s, a corporation, entered into negotiations with William Cook and Jonathan Cook, the principals of Cook Oil. The negotiations concerned the prices that Cook Oil would charge Skeeter’s for the delivery of petroleum products. The parties reached an agreement that Cook Oil would supply Skeeter’s with petroleum products.
The Cooks testified in their depositions that Lawler told them that he would personally guarantee payment by the corporation and that he was willing to sign a personal guaranty. Lawler testified in his -deposition that he never told them that he would be personally liable for the debts of the corporation. Lawler further testified that he told the Cooks that if they would prepare a guaranty and present it to the corporate attorney for review, the guaranty would be signed if the attorney so advised.
In any event, it is undisputed that a personal guaranty was never signed by Lawler. Consequently, count one of the complaint for breach of contract is barred by § 8-9-2(3).
In his second issue, Lawler contends that the evidence failed to establish that Cook Oil sold and delivered goods to Lawler and that the evidence failed to establish an account stated with Lawler, as alleged in counts two and three of the complaint.
*952 Our.review of the record reveals the following: The Cooks were well aware that Skeeter’s was a corporation and that Lawler was the president of the corporation. The Cooks desired to have Lawler sign a personal guaranty, but one was never signed. The petroleum products were delivered to Skeeter’s, and the invoices for these petroleum products were directed to Skeeter’s. Payment on the invoices was made by Skeeter’s.
In addition, there was testimony in the depositions that Lawler informed a driver from Cook Oil not to make any more deliveries to Skeeter’s unless payment was received at the time of delivery. However, Cook Oil did deliver petroleum products to Skeeter’s after being so informed by Lawler. Cook Oil was not paid for these deliveries.
We would also note that Cook Oil sued Skeeter’s in December 1985 for open account and goods sold and delivered and requested a judgment in the amount of $24,613.88. Cook Oil did not file this present suit against Lawler until December 1987 after it was unable to collect from Skeeter’s.
Our review of the record reveals that Cook Oil sold these petroleum products to Skeeter’s and not to Lawler personally. Consequently, Cook Oil cannot prevail on counts two and three for goods sold and delivered and for account stated.
In his final issue, Lawler contends that counts four and five, which allege misrepresentation/fraud on the part of Lawler, were barred by the statute of limitations. We would note that in this instance, there is a two-year statute of limitations for actions seeking relief based on allegations of fraud. Ala.Code 1975, §§ 6-2-3 and -38.
Our review of the record in the present ease reveals the following: The negotiations between the Cooks and Lawler took place in May 1985. Lawler never signed a personal guaranty. In September or October 1985, Lawler told one of the drivers for Cook Oil that he should not make deliveries to Skeeter’s unless he received payment at the time of delivery. In fact, William Cook testified in his deposition that after this incident, Cook Oil discontinued deliveries to Skeeter’s until John Sistrunk, the owner of the property where Skeeter’s was located, signed a personal guaranty with Cook Oil. However, William Cook testified that Sistrunk revoked the guaranty and that Cook Oil discontinued deliveries to Skeeter’s. The last delivery that Cook Oil made to Skeeter’s took place on November 7, 1985.
Cook Oil filed suit against Skeeter’s, as a corporation, in December 1985. This suit did not name any other defendants except Skeeter’s. Cook OÜ did not file suit against Lawler until December 1987.
Our review of the record reveals that Lawler’s involvement in the truck stop ceased in either September or October 1985 and that Lawler’s attorney advised Jonathan Cook that Lawler no longer had any control of the corporation. The Cooks testified that it was sometime during this period when Lawler was given the guaranty and refused to sign. Therefore, it would appear that any alleged fraud or misrepresentations on the part of Lawler regarding the signing of a personal guaranty would have taken place before December 1985 when suit was filed against Skeeter’s.
Suffice it to say, our review of the record does not reveal any misrepresentations sufficient to create a cause of action against Lawler. Consequently, the statute of limitations bars counts four and five.
The judgment is due to be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.