122 So.2d 398

Clyde SEWELL

v.

Belle Sewell BYARS et al., as Executors.

6 Div. 569.

Supreme Court of Alabama.

June 30, 1960.

Rehearing Denied Aug. 18, 1960.

Thos. C. Pettus, Moulton, for appellant.

Bland & Bland, Cullman, for appellees.

MERRILL, Justice.

Appellant filed her bill of complaint against respondents as joint and surviving executors of the estate of Nell Sewell, deceased, seeking an interpretation of the will of Nell Sewell, an accounting and one-third of the net rents and profits from certain property described in the will, or in the alternative, possession and use of the property. This appeal is from a decree partially adverse to appellant.

Appellant's husband, W. A. Sewell, was named a joint executor of Nell Sewell's will along with his brother and sister, Joe F. Sewell and Belle Sewell Byars, the respondents in this proceeding. Appellant brings this suit as an individual, not in any representative capacity.

The controversial items in the will are paragraphs 4 and 5, which read:

"4. I will, devise and bequeath to my sister, Belle Sewell Byars, and to my two brothers, W. A. Sewell and Joe F. Sewell, a life interest in and to the following lots on which is located my home, a three room cottage, a duplex apartment and a garage apartment, viz:

"Lots No. Three (3) and four (4) in Block No. one (1) in Musgrove's Addition to Cullman, Alabama, situated, lying and being in Cullman County, Alabama.

"I have given a life interest in all of this property to this sister and two brothers.

"It being my intention that the above described land and the buildings are to be owned by said sister and two brothers during their lifetime and they are to receive all the rent and/or income from said property. However, it being here expressly made and provided that my said sister shall have a right to live in my said home during her life-time, without paying rent. If she desires to live in said home, then under the terms of this will, she is exempt from paying rent. However, if she does not desire to live in said home, then she will not be entitled to this special privilege of using and occupying the home without rent.

"5. I will, devise and bequeath to Markay Sewell, Male Sewell Aldridge, Faye Sewell Davis, Howard Sewell, and Mary Jess Sewell Specher the remaining interest in and to the above described land, each of said five relatives to receive a one-fifth undivided interest, viz:

"Lots No. Three (3) and Four (4) in Block No. One (1) Musgrove Addition to Cullman, Alabama, situated, lying and being in Cullman County, Alabama.

"It being my intention that my sister and my two brothers are to only have a life interest in said described land, my home, the three room cottage, duplex apartment and garage apartment; and that the above named five relatives are to receive the title to said land and buildings in fee simple after the death of all three—my sister and my two brothers. Also, said five relatives named in this paragraph are not to receive the title and possession until the death of all three, that is, my sister and my two brothers, as long as said sister or either of said brothers live, that the survivor of those three are to receive the rents and benefits as long as they live, that is, after the death of one of the three, the other two shall receive the income and benefits from said described land and benefits from said buildings and after the death of two of my said sister and two brothers, the last one is to receive the benefits and income from said property. It being here expressly provided that the remaindermen, the five named in this paragraph, are not to receive the title and possession to said land and build-

ings until after the death of the present wife of W. A. Sewell and the present wife of Joe F. Sewell. I do not want either of these two sisters-in-law thrown out or put out or off of said land and buildings as long as they live, that is, the life interest of said sister and two brothers to remain in tact until the death of my said two sisters-in-law, viz: Mrs. Dixie Sewell and Mrs. Clyde Sewell."

The trial court stated in its opinion:

"The Court cannot read into this quoted part of the will any intentions by its language, of the testratrix to create a right in the complainant, Mrs. Clyde Sewell, to receive any of the profits or rents from this property. However, the Court is of the opinion that the language clearly indicates that Mrs. Clyde Sewell is to have the use and occupation and the right to immediate possession to live on these premises during her natural life."

It was ordered in an amended decree that appellant was to have the right to live on the premises and that she could designate one of the apartments in which she desired to live.

█ The argued assignments of error are concerned with the failure of the court to hold that appellant was entitled to the rents from the property from the time she became entitled to the possession and use thereof until she actually occupies the premises.

We cannot agree with appellant that the trial court erred in denying her, the widow of W. A. Sewell, one-third of the rents.

Paragraph 4 of the will clearly shows that Belle Sewell Byars, Joe F. Sewell and W. A. Sewell were given a life interest in the property and "they are to receive all the rent and/or income from said property."

Paragraph 5 shows clearly the intention of the testatrix to be "that the survivor of those three are to receive the rents and

benefits as long as they live, that is, after the death of one of the three, the other two shall receive the income and benefits from said described land and benefits from said buildings and after the death of two of my said sister and two brothers, the last one is to receive the benefits and income from said property."

We consider this a plain outright gift of the rents to the sister and two brothers. Now one brother, W. A. Sewell, has died. It is plain that the rents go to the two survivors, not to the widow of W. A. Sewell.

█ Where an estate or interest is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Duncan v. De Yampert, 182 Ala. 528, 62 So. 673.

The only subsequent words which cast any inference of a conflicting intention are contained in the last sentence of paragraph 5, which reads:

"* * * I do not want either of these two sisters-in-law thrown out or put out or off of said land and buildings as long as they live, that is, the life interest of said sister and two brothers to remain in tact until the death of my said two sisters-in-law, viz: Mrs. Dixie Sewell and Mrs. Clyde Sewell."

This sentence does not import to take away the rents from the two brothers and the sister or their survivors. It merely withholds the possession of two apartments from the remaindermen as long as the wives of W. A. Sewell or Joe F. Sewell elect to occupy those premises as their home.

The trial court so construed the will and called upon appellant to designate the quar-

ters she desired to occupy if she so elected. Paragraphs 4 and 5 of the will gave her no more right or interest.

 The trial court correctly applied the rule that the intent of the testator is the chief thing to ascertain and this intent must be gathered from the will in its entirety, and each clause or provision should be so interpreted as to avoid an irreconcilable conflict when reasonably susceptible of such a construction. Orr v. Helms, 217 Ala. 603, 117 So. 61, and authorities there cited.

The decree of the circuit court is due to be affirmed. ·

Affirmed.

LAWSON, STAKELY, and COLEMAN, JJ., concur.