350 So.2d 309 (1977)
Maggie Rolison BRASHIER, Carolyn P. Lynch and Rufus R. Lynch
v.
Mamie Rolison BURKETT.
SC 2076.
Supreme Court of Alabama.
September 23, 1977.
*310 W. J. Williamson, Greenville, for appellants.
Elisha C. Poole, Greenville, for appellee.
ALMON, Justice.
This is an appeal by the defendants in an action for declaratory judgment seeking construction of a deed conveying ownership of 80 acres of land. The trial court determined that the deed established a joint tenancy with rights of survivorship among plaintiff Mamie Rolison Burkett, defendant Maggie Rolison Brashier, and defendant's deceased husband E. W. Rolison. We reverse.
E. W. Rolison was the owner of an 80 acre parcel of land situated in Butler County, Alabama. On April 24, 1963, E. W. Rolison, joined by his wife Maggie Rolison, executed a deed conveying the 80 acres of land to themselves and their daughter Mamie Rolison Burkett. The deed contained the following pertinent clauses:
WHEREAS CLAUSE:
"WHEREAS, it is the desire of the said E. W. Rolison that the property be owned by himself and wife Maggie Rolison, jointly, so that in the event of the death of either of them, the entire interest in the property shall vest in the survivor of them, and upon the death of the survivor of them, that said property shall vest in Mamie Rolison Burkett, daughter of E. W. Rolison and wife Maggie Rolison."
GRANTING CLAUSE:
"We, E. W. Rolison and wife Maggie Rolison, do hereby grant, bargain, sell and convey unto E. W. Rolison and wife Maggie Rolison, and to the survivor of us, and at the death of the survivor of us to Mamie Rolison Burkett, the following described real property . . ."
HABENDUM CLAUSE:
"TO HAVE AND TO HOLD unto the said E. W. Rolison and wife Maggie Rolison, for and during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple, and if still owned by the survivor of them at the death of the survivor of them then to Mamie Rolison Burkett, and to her heirs and assigns, in fee simple, forever, together with every contingent remainder and right of reversion."
Three months after the execution of this deed E. W. Rolison died.
In 1965, Maggie Rolison married James F. Brashier and promptly executed a deed conveying the 80 acres to herself and her new husband as joint tenants. Several months later, on July 30, 1966, Maggie Rolison Brashier and her husband James F. Brashier, executed a deed conveying 30 acres of the land to C. L. Blackburn and Leah Blackburn in consideration for a $3,000 mortgage. Upon learning of these transactions the plaintiff Mamie Rolison Burkett filed a suit for declaratory judgment to determine the ownership of the land. Before the case came to trial, however, James F. Brashier conveyed his joint interest back to Maggie Rolison Brashier and the Blackburns, who defaulted in their mortgage payments, conveyed their 30 acres of land back to Maggie Rolison Brashier. In 1969, the suit was dismissed without prejudice at Mamie's request. A year later, on May 20, 1970, Maggie Rolison Brashier obtained a divorce from James F. Brashier.
The transaction which instigated the present suit occurred in August of 1970. Following an illness which confined her to a hospital for three weeks, Maggie Rolison Brashier moved into the home of her daughter and son-in-law, Carolyn and Rufus Lynch. On August 11, 1970, Maggie *311 Rolison Brashier executed a deed conveying the entire 80 acres of land to Carolyn and Rufus Lynch. In response to this conveyance, Mamie Rolison Burkett instituted the present suit for declaratory judgment on April 29, 1975, naming Maggie Rolison Brashier, Rufus Lynch and Carolyn Lynch as defendants.
The trial judge, after hearing the testimony of three witnesses, issued a final order finding that it was the intention of the parties to the 1963 deed to create a joint tenancy with rights of survivorship among E. W. Rolison, Maggie Rolison Brashier, and Mamie Rolison Burkett. Relying on the landmark decision of this court in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), the trial judge concluded that the subsequent conveyance by Maggie Rolison Brashier served to destroy the joint tenancy with the result that Mamie Rolison Burkett took an undivided ½ interest in the land as a tenant in common with Rufus and Carolyn Lynch, who jointly owned the other ½ interest. Because we feel that such a construction of the 1963 deed is supported by neither the language of that deed nor the intent of the parties, we reverse.
It is a fundamental precept of property law that courts should construe instruments so as to give effect to the intent of the parties. Ala.Code, Tit. 47, §§ 17, 23 (1940); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951). Yet, any court undertaking the dissection of such an instrument in order to ascertain the intent of the parties is faced with a task which, by its very nature, is plagued with the difficulties and uncertainties that necessarily accompany any probe into mental processes. Fortunately, however, the burden placed on the courts in scrutinizing deeds is facilitated by a body of judicially and legislatively created guidelines for the construction of deeds conveying property.
Initially, the court should seek to ascertain the intention of the parties by looking to the entire instrument. Tit. 47, §§ 17, 23, Code of Alabama 1940; Stratford v. Lattimer, supra; The court should be careful to try to give meaning to every clause and provision of the instrument. Gentle v. Frederick, 234 Ala. 184, 174 So. 606 (1937); Nettles v. Lichtman, 228 Ala. 52, 152 So. 450 (1934).
Second, the court should look to the factual situation and the circumstances existing at the time the instrument was created. Nettles v. Lichtman, 228 Ala. 52, 152 So. 450 (1934).
Finally, the court may look to the subsequent acts of the parties to determine the correct construction of the instrument. Slaten v. Loyd, 282 Ala. 485, 213 So.2d 219 (1968).
Applying these criteria to the 1963 deed, it is apparent that neither E. W. Rolison nor his wife Maggie contemplated that Mamie be included as a joint tenant.
First, looking at the language of the deed itself, there are several phrases which strongly negate any inference of a three-way joint tenancy. The whereas clause, for example, clearly states that "the entire interest" in the property would vest in the survivor of E. W. Rolison and Maggie Rolison. Likewise, the habendum clause explicitly provides that the survivor of E. W. Rolison and Maggie Rolison would take the property in "fee simple," and that the daughter Mamie Rolison Burkett would take the property only if it was "still owned by the survivor." The implication of these provisions is that they evidence an intent to allow the survivor of E. W. Rolison and Maggie Rolison to exercise complete and unfettered control and ownership of the property during his or her lifetime. Such an implication is completely inconsistent with a three-way joint tenancy.
Second, although this court is reluctant to dispute the findings of a trial judge based on evidence taken ore tenus, we can find no basis for the judge's finding that it was the intent of the parties to create a three-way joint tenancy. The two witnesses who recalled being present at the signing of the 1963 deed were unanimous in the opinion that the survivor of Maggie Rolison and E. W. Rolison was to be free to alienate the *312 entire property. Maggie Rolison Brashier testified that the attorney who drew up the deed had indicated to her at the signing that she and her husband would be free to transfer the property:
Mr. Williamson: "Q. Alright, tell the judge what ya'll decided to do?:
Mrs. Maggie Rolison Brashier: "Well, he [E. W. Rolison] told me and then Paul Hartley [the attorney] told me that if we lived the deed in Mamie's name, and if I didn't sell it or do away with it while I was living, he said that it would go to her at my death, and he said that if I wanted to sell it or deed it to anybody, I could make as good a deed as anybody."
Likewise, the testimony of Jimmy Dukes, a disinterested party who had witnessed the signing of the deed, clearly suggests that it was the intent of the parties that the survivor would receive ownership of the entire 80 acres:
Mr. Williamson: "Q. Tell the judge how he [the attorney] explained it in your presence?"
Mr. Jimmy Dukes: "A. Well, they said they understood that if either one of them would deceased the other, that the other would have full control of this land, you know, the whole premises. If either one of them died, the other one had full control."
The only other witness who testified at the trial, Mamie Rolison Burkett, denied having been present at the signing of the deed, in spite of the testimony of Jimmy Dukes and Maggie Rolison Brashier that she had indeed been there. Mamie Rolison testified that it was her impression from conversations with her father, E. W. Rolison, and the attorney that the land was to be held by both her and Maggie Rolison Brashier upon E. W. Rolison's death. Nevertheless, at one point in her testimony Mamie did admit that Maggie had the power to dispose of the property:
Mrs. Mamie R. Burkett: "A. It was not to be done away with without she decided to sell it and divide it with the eleven children while she was living."
The overall impact of the testimony of the three witnesses, viewed in reference to the deed itself, is that it was the intent of the parties that the survivor of E. W. Rolison and Maggie Rolison Brashier be the legal owner of the entire parcel of land. Such an intent precludes Mamie Rolison Burkett's contention that she was a joint owner.
Finally, the subsequent acts of the parties strongly suggest an intent to create an estate other than a three-way joint tenancy. The fact that Maggie Rolison Brashier felt free to convey the property indicates an impression on her part that she was the sole owner. Likewise, the fact that the same attorney who drew up the 1963 deed also drew up the 1965 conveyance by Maggie Rolison Brashier to herself and her new husband James F. Brashier, without any mention of Mamie Rolison Burkett, indicates an impression on his part that the deed he drew up in 1963 conveyed full ownership to Maggie Rolison Brashier upon E. W. Rolison's death.
In light of the express language of the deed, as well as the contemporaneous and subsequent manifestations of the intent of the parties to the deed, we feel that the determination of the trial court that a three-way joint tenancy was created is erroneous. Having determined that the 1963 deed did not create a three-way joint tenancy, however, this court is faced with a difficult task of determining precisely what interests the 1963 deed did create.
It is our opinion that a proper construction of the 1963 deed will reveal two distinct estates in land. First, the deed, by the express language of the whereas, granting, and habendum clauses, clearly established a joint tenancy with rights of survivorship between E. W. Rolison and Maggie Rolison Brashier. Since the estate in joint tenancy expired upon the death of E. W. Rolison, we need not concern ourselves with its specific terms.
Second, the language "to the survivor of them in fee simple, and if still owned by the survivor of them at the death of them then to Mamie Rolison Burkett" contained in the habendum clause clearly evidences an intent to create an estate in fee simple defeasible *313 subject to an executory interest. Since this is the estate which is the focal point of the present controversy, a discussion of the parameters of the fee simple defeasible and our reasons for finding its presence in this 1963 deed is in order.
Alabama has long recognized the existence and viability of the estate in fee simple defeasible.[*]McRee's Adm'rs v. Means, 34 Ala. 349 (1859); Flinn v. Davis, 18 Ala. 132 (1850). The estate in fee simple defeasible has been defined as "an estate in fee simple which is subject to a special limitation, a condition subsequent, an executory limitation, or a combination of such restrictions." Restatement, Property, § 16. One particular limitation on the estate in fee simple defeasible which was recognized by early Alabama law was the general rule that if the first taker was granted an absolute power of disposition over the property, the executory interest to a third person was void for repugnancy. McRee's Adm'rs v. Means, supra; Park v. Powledge, 198 Ala. 172, 73 So. 483 (1916); Howard v. Carusi, 109 U.S. 725, 3 S.Ct. 575, 27 L.Ed. 1089 (1884). Under modern law, however, this rule has been substantially altered by statutory enactment. Tit. 47, §§ 76-79, Code of Alabama 1940, Recompiled 1958. Basically, these sections of the Code provide that if an estate for life or years contains an absolute power of disposition, that portion of the estate which is conveyed by virtue of that power of disposition is enlarged into an estate in fee simple absolute, while any portion not disposed of remains subject to the executory interest. Although these provisions of the Code expressly refer to only life estates, estates for years, or undefined estates, they have been judicially interpreted to include estates in fee simple absolute. Bailey v. Brannon, 293 Ala. 83, 300 So.2d 344 (1974); Robertson v. United States, 199 F.Supp. 78 (N.D.Ala.1961).
The language contained in the habendum clause of the 1963 deed conveying the land "to the survivor of them in fee simple, and if still owned by the survivor of them at the death of the survivor of them then to Mamie Rolison Burkett" clearly conforms with the language necessary to establish a fee simple defeasible. See e. g., Farr v. Perkins, 173 Ala. 500, 55 So. 923 (1911); Park v. Powledge, supra; Howard v. Carusi, supra. Likewise, the language "if still owned by the survivor of them" implies that Maggie Rolison Brashier was free "to dispose of the entire fee for [her] own benefit," thus coming under the statutory definition of an absolute power of disposition. Tit. 47, § 79, Code, supra. By consolidating and interpreting these phrases in light of the statutory enactments of the legislature as well as the decisions of the courts, we hold that Maggie Rolison Brashier possessed an estate in fee simple defeasible with an absolute power of disposition over the entire property. Having exercised this power over the entire estate by her deed of 1970, the entire estate passed in fee simple absolute to the grantees of that deed, Carolyn and Rufus Lynch. Since the contingency upon which the executory interest is predicated has been effectively precluded, Mamie Rolison Burkett has no interest in the 80 acres of land.
The judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.
NOTES
[*] Alabama courts have used various terms to describe the fee simple defeasible. Farr v. Perkins, 173 Ala. 500, 55 So. 923 (1911) (determinable fee, qualified fee); Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92 (1938) (base fee); Newsom v. Hosesapple, 101 Ala. 682, 15 So. 644 (1894) (conditional fee).