361 So.2d 100 (1978)
Phoebe Duncan BRADLEY et al.
v.
Jim ESKRIDGE et al.
77-284.
Supreme Court of Alabama.
July 28, 1978.
*101 David A. Reid, Livingston, for appellants.
William C. Brewer, III of William C. Brewer, III and of Marcus E. McConnell, Jr., Livingston, for appellees.
SHORES, Justice.
Will L. Eskridge died in Sumter County, Alabama, on January 11, 1975, leaving a Last Will and Testament which was duly admitted to probate. The will, in pertinent part, provides as follows:

"ITEM 3. I give, devise, and bequeath unto my wife, Bessie Eskridge, in fee simple, all of the real estate or interest in real estate which I may own at the time of my death.

"ITEM 4. I give, devise, and bequeath unto my wife, Bessie Eskridge, in fee simple, all of the personal and/or mixed property which I may own at the time of my death.

"ITEM 5. Upon the death of my wife, it is my desire that any of the real, personal, or mixed property which I bequeathed to her and which she has not disposed of at the time of her death shall be divided between my closest relatives and her closest relatives, share and share alike, in fee simple."
At the time of Will Eskridge's death, he was survived by his widow, Bessie Eskridge, who took possession of his properties under the will; his brother, Jim Eskridge; his sister, Addie Eskridge Duncan; and a number of nieces and nephews.
Bessie Eskridge died intestate on March 29, 1976, without having disposed of the property devised to her by her husband. She was predeceased by Addie Eskridge Duncan, who died intestate on February 18, 1976. The closest relatives of Will and Bessie Eskridge surviving at the time of Bessie's death were Will's brother, Jim, and Bessie's sister, Magnoria Buchannon. Jim Eskridge and his wife, Adelaide, were appointed administrators of Bessie Eskridge's estate. Addie Eskridge Duncan's children filed a claim against Bessie's estate claiming an interest therein under the will of Will Eskridge. The administrators thereupon filed an action for declaratory judgment in the Circuit Court of Sumter County asking the court to construe the provisions of Will Eskridge's will as set out above.
The trial court held that the will created in Bessie Eskridge, the testator's widow, an estate in fee simple defeasible subject to an executory interest in the closest relatives of the testator and his wife, who were alive at the date of his widow's death. The court held that "closest relatives," as used in the will, meant persons nearest in degree of blood relationship as computed by the rules of the civil law.
The children of Addie Eskridge Duncan appealed, contending that the trial court erroneously construed the will of Will Eskridge. We affirm.
Alabama has long recognized the existence and viability of the estate in fee simple defeasible. McRee's Adm'rs v. Means, 34 Ala. 349 (1859); Flinn v. Davis, 18 Ala. 132 (1850). It has been defined as "`an estate in fee simple which is subject to a special limitation, a condition subsequent, an executory limitation, or a combination of such restrictions.'" Brashier v. Burkett, 350 So.2d 309, 313 (Ala.1977). Restatement, Property, § 16. An executory interest or limitation is a nonvested interest in a transferee which is so limited that it will vest on the happening of a condition [the failure of the first taker to convey during his lifetime is a valid condition. Jenkins v. Shuften, 206 Ga. 315, 57 S.E.2d 283 (1950)], or on the occurrence of an event which is certain to take place, and which vests in derogation of a vested interest. Simes, Handbook of the Law of Future Interests, § 12, p. 25 (2d ed. *102 1966). It has also been defined as any future interest which is created in a person other than the transferor who is not a remainder. Bergin and Hoskell, Preface to Estates in Land and Future Interests, Ch. 3, p. 83 (1966).
Such interests are denominated executory interests rather than contingent remainders because there can be no contingent remainders after a fee simple. Simes on Future Interests, supra, § 12.
In the instant case, the testator used the clear and unambiguous term "fee simple" in delineating his wife's interest. When the language of a will is clear and unambiguous, as it is here, rules of construction cannot be employed to rewrite a will at variance with the meaning of the language used by the testator. Werneth v. Hanly, 262 Ala. 219, 78 So.2d 299 (1955); Fuller v. Nazal, 259 Ala. 598, 67 So.2d 806 (1953).
The appellants argue that to effectuate the intent of the testator, we must construe the will to create a life estate in Bessie Eskridge with power of disposition and a vested remainder in Jim Eskridge, Addie Eskridge Duncan and Magnoria G. Buchannon. They argue that the remainder interest created by the will vested upon the death of Will Eskridge. For the reason stated above, we cannot agree with these contentions, nor are we at liberty to so construe the will of Will Eskridge.
Where the estate or interest is created in one clause of a will in clear and decisive terms, that interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of subsequent clauses, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Austin v. Pepperman, 278 Ala. 551, 179 So.2d 299 (1965); Sewell v. Byars, 271 Ala. 148, 122 So.2d 398 (1960). We must conclude, therefore, that because the fee simple devise to Bessie Eskridge was in clear and distinct language, it cannot be diminished by any construction of a subsequent item of the will, nor by any rule of construction.
In Brashier v. Burkett, supra, we held that a conveyance in fee simple with a deed over of any property left undisposed of by the class of first takers, at the death of the last surviving member of that class, clearly conformed with the language necessary to create a fee simple defeasible. Under Title 47, §§ 76-79, Code 1940, Recompiled 1958 (now § 35-4-292, Code 1975), it was held that the future estate created by such a devise was an executory interest.
The trial court correctly held that the will created in Bessie Eskridge was a fee simple defeasible subject to an executory interest in the named class of relatives which vested in interest and possession at the time of her death. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH and BEATTY, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I concur in the result only, because I believe that, by doing so, we carry out the intent of the testator in this case. The language of this will, which in one paragraph devises a fee simple absolute estate, and in another limits that estate with what could be construed as precatory words such as "it is my desire," is not a model for creating a fee simple defeasible estate, but, as I say, the result most probably carries out testator's intent. Therefore, I concur in affirming the trial court's determination in this case.