JONES, Justice.
Appellant Paul L. Harrison, Jr., as executor of the last will and testament of Denzil W. Jones, deceased, filed this action on June 18, 1981, in the Circuit Court for Barbour County, Alabama, removing the estate from the probate court, and seeking construction of item eight of the last will and testament of Denzil W. Jones, deceased:
“ITEM EIGHT. Because of her integrity, faithful service, and loyalty through the years, I give, devise, and bequeath unto Jewel J. Henderson the business owned by me and known as Dean’s Insurance Agency, including all assets and liabilities of every kind, character, and description.
“Mrs. Henderson is familiar with the method in which the J. R. Barr Estate was handled; and I request that she work with my Executor, hereinafter appointed, in closing my estate in a similar manner.”
Because of one of the executor’s contentions, as hereinafter discussed, we also set forth item ten of Jones’s will:
“ITEM TEN. I hereby nominate, constitute, and appoint my nephew, Paul L. Harrison, Jr., to be the Executor of this, my Last Will and Testament; and I do hereby expressly direct that he shall not be required to give any bond for the performance of his duties as such, nor to make any accounting or settlement, partial or final, of my estate in any court of any state, nor to file any inventory of the same.
“In the event my said nephew, Paul L. Harrison, Jr., shall not survive me or for any reason fail to qualify as such Executor, then I nominate, constitute and appoint my nephew, Robert F. Mobley, Jr., as such Executor, in his place and stead; and I do hereby expressly direct that he shall not be required to give a bond for the performance of his duties as such, nor to make any accounting or settlement, partial or final, of my estate in any court of any state, nor to file any inventory of the same.”
Appellee Jewel J. Henderson, through her answer, joined in the request for a construction of item eight of Jones’s will.
The trial court interpreted item eight to encompass surplus monies in a checking and a savings account, as well as a 1977 Chevrolet automobile. From the ensuing final judgment, the executor appeals. We affirm.
In order to understand and appreciate the issues presented in the context of the executor’s alleged error, we set forth the following facts:
J. R. Barr, who is referred to in the second paragraph of item eight of Denzil W. Jones’s will, was the former owner of the sole proprietorship known as Dean’s Insurance Agency. Louise M. Jones, wife of testator Jones, deceased, had worked in the agency for Barr, as Henderson later worked for Jones.
Upon his death, Barr willed to Louise M. Jones a 40% interest in and to Dean’s Insurance Agency. That specific bequest was item III in Barr’s will and, in pertinent part, reads:
“I will and bequeath to Louise M. Jones, in consideration for her assistance after my death to my wife, Nell E. Barr, a forty percent (40%) interest in and to Dean’s Insurance Agency, an insurance business now owned by me and now operating under that name in the City of Eufaula, Alabama, after all legal claims against and all debts of said Agency are paid and after all monies due and owing by said Agency shall have been paid in full, and also after all surplus and certificates of deposit, if any, shall have been paid into my Estate....” (Emphasis supplied.)
*713 The executors of Barr’s estate sold the remaining 60% interest in Dean’s Insurance Agency to Louise M. Jones within four or five weeks after Barr’s death. The bill of sale contained the following description of the assets:
“That certain business or insurance agency in Eufaula, known and doing business as Dean’s Insurance Agency, who are located at 118 North Randolph Avenue, together with the name, Dean’s Insurance Agency, all furniture and fixtures remaining in said agency, and the good will of said agency.”
Louise M. Jones willed her entire estate to her surviving husband, Denzil W. Jones. At the time of Mr. Jones’s death, there was $5,845.00 surplus in the checking account of Dean’s Insurance Agency, as well as $10,-000.00 surplus, plus accrued interest, in a savings account. Additionally, the business was using and maintaining a 1977 Chevrolet automobile, titled in Jones’s individual name. The evidence further reflects that upon Barr’s death, Mrs. Jones assisted the executors and accountant of that estate in working toward its final closing.[1]
Against this factual backdrop, the executor’s counsel’s primary argument may be summarized as follows: The definition of “Dean’s Insurance Agency” in item III of J. R. Barr’s will, and in the bill of sale from Barr’s executors’ to Louise M. Jones was incorporated by reference in item eight of the will of Denzil W. Jones. Counsel then proceeds to develop his rationale in the argument section of his brief:
“To fathom out Jones’s true intention, it is necessary to know what he meant by:
“ ‘Mrs. Henderson is familiar with the method in which the J. R. Barr estate was handled; and I request that she work with my Executor, hereinafter appointed, in closing my estate in a similar manner.’
“and by Jones’s own words [in a memorandum preparatory to the formal drafting of his will]:
“ T leave the business of Dean’s Insurance Agency (to operate as her own). She will work with Paul L. Harrison, Jr., in closing my estate in the similar manner Louise M. Jones did when the J. R. Barr Estate was closed out.’
“What do J. R. Barr, Louise M. Jones, Dean’s Insurance Agency, and Henderson have to do with each other? Why is the ‘closing of my estate’ in the paragraph of Jones’s note and the Item of Jones’s will concerning the bequest of ‘Dean’s Insurance Agency’ and not in the paragraph or Item concerning the appointment, rights, duties, etc. of the executor?
“It is obvious from the evidence that ‘Dean’s Insurance Agency,’ J. R. Barr, and Louise M. Jones were all related in Jones’s mind.
“J. R. Barr owned Dean’s Insurance Agency. Louise M. Jones, who was Jones’s wife, worked at Dean’s Insurance Agency for J. R. Barr. When Barr died, he left her 40% of ‘Dean’s Insurance Agency.’ Within five weeks after Barr’s death, Barr’s executors sold Louise M. Jones the remaining 60% of Dean’s Insurance Agency.
“The pertinent part of Barr’s will is as follows:
“ T will and bequeath to Louise M. Jones a forty (40%) percent interest in and to Dean’s Insurance Agency, .. ., after all legal claims against and all debts of said agency are paid and after all monies due and owing to all insurance companies represented by said Agency shall have been paid in full, and also after all surplus and certificates of deposit, if any, shall have been paid to my estate... ’
“Within five weeks after Barr’s death, the other sixty (60%) percent of Dean’s Insurance Agency was sold by Barr’s executors to Louise M. Jones for sixty (60%) percent of the value of the furniture and *714 fixtures and good will (insurance renewals).
“Therefore, in the J. R. Barr will, and in the sale of the balance of Dean’s Insurance Agency (which was the closing of this part of the J. R. Barr Estate), ‘Dean’s Insurance Agency’ means the furniture, fixtures, and good will (insurance renewals) of a debt-free insurance agency.
“If this was what Jones intended, then the $5,845.00 surplus in the checking, account, the savings account, and the automobile would not be included in the bequest of Dean’s Insurance Agency.”
Lying at the core of this argument is the executor’s insistence that the Barr estate was “closed” insofar as Dean’s Insurance Agency was concerned by transferring to Mrs. Jones the furniture, fixtures, and good will, including renewals, of a debt-free 100-year-old agency. This fact acquires relevancy, however, only if Jones intended to incorporate by reference the words describing the agency in item III of Barr’s will, and the words describing the agency in the bill of sale given by Barr’s executors to Mrs. Jones in “closing out” the agency portion of Barr’s estate.
The difficulty arises, however, when the “assistance” given by Mrs. Jones in closing out the Barr estate is juxtaposed with the phrase “in a similar manner,” as set forth in paragraph 2 of item eight of Jones’s will. The executor interprets the phrase “in a similar manner” to mean the “way” in which Barr’s estate was distributed to Louise M. Jones. Henderson’s contention, to the contrary, is that the phrase concerns only the “assistance” given Barr’s estate by Mrs. Jones, and not the share of its distribution to her.
The argument of counsel for the executor is ingenious; and we confess that our high regard for his professional competence enhanced its persuasiveness. But our interpretation of the basic rules of will construction compels us to agree with the trial court and reject the incorporation doctrine under the circumstances of the instant case.
I. INCORPORATION BY REFERENCE
The executor’s position, as we have already stated, is that Jones intended to incorporate by reference into item eight of his will, those words of item III of Barr’s will, delineating the bequest of Dean’s Insurance Agency to Louise M. Jones. Additionally, according to the executor, the description of Dean’s Insurance Agency in the bill of sale from Barr’s executors to Mrs. Jones should also be incorporated into that same paragraph of item eight. Under this interpretation, assets of the Jones estate, specifically the checking and savings account surpluses and the 1977 Chevrolet, would become part of the residuary estate of Jones, as opposed to passing as a portion of Dean’s Insurance Agency to Henderson.
The executor cites Arrington v. Brown, 235 Ala. 196, 178 So. 218 (1938), for the proposition that any paper, not properly executed, but incorporated by reference in a properly executed will and identified by clear and satisfactory proof in that will as the paper referred to, takes effect as part of the will. While we are quick to accept this as a proper rule of law, we find one fatal flaw with its application to the facts before us. Item eight of the Jones will does not refer to the will of J. R. Barr, much less identify it by “clear and satisfactory proof” as a paper to be incorporated by reference into the Jones will. There is no description of the Barr will, and no reference to it whatsoever. Additionally, there is no mention of the bill of sale from the executors of the Barr estate to Mrs. Jones. Neither the Barr will nor the bill of sale to Mrs. Jones was mentioned or identified in item eight of the Jones will. Consequently, the facts preclude this case as one evidencing incorporation by reference.
II. THE SURPLUS CASH AND 1977 CHEVROLET
Premised upon his incorporation by reference argument, and the description of Dean’s Insurance Agency in the will of J. R. Barr and the bill of sale to Mrs. Jones, the executor contends that the checking surplus and savings account monies, as well as the *715 1977 Chevrolet, were not assets of Dean’s Insurance Agency, and, therefore, not property rightfully passing to Henderson. The crux of this contention is that no surplus cash or automobile was part of the “Dean’s Insurance Agency” inherited by Mrs. Jones. Likewise, as submitted by the executor, the same should apply to that agency acquired by Jewel Henderson. We disagree.
The checking account signature card was signed by both Denzil W. Jones and Jewel J. Henderson, and was in the name of Dean’s Insurance Agency.
The savings account was opened, initially, with a $10,000.00 deposit from the agency checking account, with both Jones and Henderson signing the signature card. The name on the account was “Dean’s Insurance Agency.” The federal identification number assigned to Dean’s Insurance Agency was on the savings account, and not Jones’s social security number. Either Jones or Henderson could make withdrawals.
The 1977 Chevrolet automobile was bought with funds from Dean’s Insurance Agency’s checking account. The agency purchased the tag and paid for the insurance with funds from its own account. The car was maintained with funds from the agency and was depreciated for tax purposes through the business of Dean’s Insurance Agency. Additionally, Jones owned two other vehicles, one a 1980 model.
Where an interest or estate is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Sewell v. Byars, 271 Ala. 148, 122 So.2d 398 (1960).
The executor urges that the checking and savings surpluses, as well as the 1977 Chevrolet, should be governed by item ten of the Jones will, instead of by item eight as determined by the trial court. If Mr. Jones had intended the second paragraph of item eight to be a directive to the executor, says the instant appellant, it should have been in item ten. “[C]onsistent with its search for a construction which reconciles inconsistent clauses and thus upholds the will, a court may transpose or rearrange the clauses in order to give effect to the testator’s intention.” Smith v. Smith, 387 So.2d 134, 136 (Ala.1980).
Our interpretation, consistent with that of the trial court, is that the second paragraph of item eight of the Jones will is merely precatory language by the testator that Jewel J. Henderson “work with” his executor in gathering information, data, records, etc., and not a directive that she acquire by such endeavors those assets of Dean’s Insurance Agency originally passing to Louise M. Jones upon the death of J. R. Barr.
Accordingly, this judgment appealed from is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. According to testimony from a co-executor of the Barr estate, that estate could not be closed completely until either the death or remarriage of Mrs. Barr — events which, at the time these proceedings originated, had not transpired.