EMBRY, Justice.
This appeal is from the judgment of the circuit court holding valid the last will and testament of Buford W. Moon, Jr., deceased, and construing that will to bequeath all of his property to Anna M. Moon.
The will reads:
[1] Buford W.’Moon, Jr. being oi sound and disposing mind and memory, and considering the uncertainty oí this life, do make, publish and declare this to be my last ®SI til and ¾⅛£⅛3†11£!11 as follows, hereby revoking all other former Wills by me at any time made. First, after my lawful debts are paid, I give f.An.na..-. ⅞_: — Moon . at.L. jBy — _=-personal belonging, including any auto and property I have except I leave five dollars to each of my four children David Moon, Steven Moon, Carolyn Moon, Robert Moon. Anna M. Bastón Moon is to do as she wishes with the property as she see fit. But if still has any property, I leave her at her death it is to goto my son George William Gorman to do as he sees fit.
[[Image here]]
*301 [[Image here]]
The issues to be resolved are whether the trial court erred in holding the will validly-executed; that no undue influence was exerted over Buford W. Moon, Jr., by Anna M. Bastón (Moon?), and that it was the testator’s intention to make Anna the principal beneficiary of his will. We hold there was no error in the trial court’s resolution of these issues and, accordingly, we affirm.
Appellants state the issue to be:
“Did the trial court err in its judgment as to finding a valid execution of the document purporting to be the Will of Testator to the extent that it was plainly and palpably wrong in light of the evidence?. ..
“Did the trial court err in its judgment by failing to find sufficient evidence to raise the presumption of undue influence by the favored beneficiary Anna M. Ba-stón to the extent that said finding was plainly and palpably wrong in light of the evidence?...
“Did the trial court err in its judgment by finding that the testator intended to give all his property, both real and personal, excluding $20.00, to Anna M. Ba-stón to the extent that said finding was plainly and palpably wrong in light of the evidence?...
“Did the trial court err in its judgment as to the interpretation of the Will of Testator by holding that said Will covered and disposed of Testator’s real property to the extent that said holding was plainly and palpably wrong in light of the evidence?...
“Did the trial court err in its judgment ' by failing to set or fix an attorney’s fee for the court appointed guardian ad li-tem?. ..”
The last question is not before us because the trial court continued the motion of the guardian ad litem to fix his attorney’s fee pending disposition of this appeal.
The judgment reads as follows:
“JUDGMENT”
“This action, coming on to be heard was submitted upon the pleadings, process and proof ore tenus, and was taken under advisement.
“The first issue herein is the determination of the validity of the alleged Last Will and Testament of Buford W. Moon, Jr. The probate file, introduced herein is improperly and inexpertly drawn and the dates do not conform with each other; however, none of the parties herein raise any objection to the admission of the document to probate, rather all seem to *302 agree that any impropriety in such probate proceedings are waived.
“The judgment of the Probate Court admitting the will to probate was dated January 3, 1981 and noted to be filed in such court on January 3, 1981. The initial complaint was filed in this action on the 15th day of October, 1981, nine months after probate. There was, however, no guardian of the minor Robert Moon, nor was guardian ad litem appointed to represent him in the probate proceedings, therefore it will be considered herein that such minor is contesting the will. [Section 43-1-81, Code of Alabama].
“The court finds that document purporting to be the will of Buford W. Moon, Jr., in his valid will. The court further finds that the testator was of sound mind at the time he executed the will, that he was not under the undue influence of any party and that he acknowledged such will to the witnesses of such will.
“As to the construction of such will and the companion matter of the action to quiet title, the court finds that the testator intended to give all his property, both real and personal, excluding Twenty Dollars, to Anna M. Bastón, with whom he had lived for nine years. This devise, however, contains a condition subsequent in that if any of the estate remains at Ms. Baston’s death, such estate will pass to George William Garmon. (Bradley v. Eskridge, Ala. 361 So.2d 100).
“It is therefore ADJUDGED that the will of Buford W. Moon, Jr., deceased, filed herein is the valid Last Will and Testament of Buford W. Moon, Jr. It is further ADJUDGED that Anna M. Ba-stón is the sole devisee of the estate of Buford W. Moon, Jr., with the exception of the four-five dollar bequests; it is further adjudged that Anna M. Bastón is the owner of the realty owned by Buford W. Moon, Jr., at his death.
Careful review of the entire record discloses that of the hotly disputed evidence, it is more than ample to support the trial court’s conclusions and there was no error in the application of law to that evidence. This being the case, the judgment will not be disturbed. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala.1980).
The judgment below is due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs in result.

. Although the will was in handwriting, it has been reproduced here in print on a form like that used by the testator.